Argued June 22, modified July 17, 1917.

## MICKENHAM v. GRALAPP.

(166 Pac. 553.)

**Vendor and Purchaser—Purchase-money Notes—Reductions—Partial Failure of Title.**

1. Where the actual survey would have deprived the vendees of 10 feet from one side of the tract conveyed, but their grantor and his predecessors had, since 1903, all conveyed and held in accordance with an old division fence and with other fences which inclosed the amount of acreage conveyed, the vendees were entitled to no reduction from the purchase-money notes given at sale in 1912.

[As to what is a marketable title, see note in 132 Am. St. Rep. 992.]

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. JUSTICE HARRIS.

This is a suit to foreclose a purchase price mortgage. On November 23, 1912, Ferdinand M. Mickenham conveyed fifteen acres of his land to Henry H. Gralapp and his wife Amelia Gralapp for $3,375. Part of the purchase price was paid and the remainder, amounting to $1,575, was satisfied by the Gralapps giving their note secured by a mortgage on the land. The deed embraces a single tract of fifteen acres; but, because of the nature of the claim made by the defendants, it is necessary to keep in mind the fact that, at the time of the sale, a division fence ran through the premises owned by Ferdinand M. Mickenham leaving ten acres on the east and the remainder of his premises on the west side of the division fence. The ten-acre tract was rectangular in form and was inclosed by four fences, with the division fence serving as the west boundary. The Gralapps allege that Mickenham pointed out these fences as the boundaries of the ten-acre tract; that they understood that they were to re-

ceive all the land within the four fences inclosing the ten-acre tract; and that the remaining five acres should be taken from the Mickenham lands on the west side of the division fence. It is admitted that the description appearing in the deed embraces fifteen acres, but the defendants claim that a survey discloses that the east line of the land described in the deed is west of the fence pointed out as the east line of the ten-acre tract, leaving a strip about thirty-two feet at the south end and about 27 feet at the north end between the east line of the land described in the deed and the fence shown as the east boundary of the ten-acre tract. The Gralapps took possession of all the land within the fences of the ten-acre tract and planted berries and fruit trees along the east side. The defendants allege that since the true boundary line does not include all the land within the fences they will lose part of the berries and fruit trees; and they contend that they are entitled to charge this loss and other alleged damages against the note. After a trial, the Circuit Court found that the Gralapps had been damaged in the sum of $375, reduced the note to $1,200 and awarded a judgment to the plaintiff, Wm. Mickenham, who is the assignee of the note and mortgage, for $1,200 with interest, and granted a decree foreclosing the mortgage. The plaintiff appealed.

MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondents there was a brief over the names of *Messrs. Smith & Shields* and *Mr. Allan A. Hall,* with an oral argument by *Mr. Guy O. Smith.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. This appeal presents a pure question of fact, for as said by the defendants in their printed brief: "Little controversy arises here as to the law." To decide a single question of fact is to decide this suit. The fact to be decided is whether the deed to the Gralapps conveyed all the land included within the four fences which inclose the ten-acre tract. The plaintiff admits that he has no better right than his assignor Ferdinand M. Mickenham. All parties concede that the deed conveys fifteen acres and that in any event the grantees are the owners of fifteen acres. The defendants say that Ferdinand M. Mickenham pointed out the four fences as the boundaries of the ten-acre tract, and they allege that the deed does not include all the land within the four fences. The plaintiff admits that the four fences were pointed out to the Gralapps as the boundaries of the ten-acre tract, but Mickenham contends that the east line of the description in the deed coincides with the fence which was pointed out as the east line of the ten-acre tract. In brief, the plaintiff insists that the deed does, and the defendants contend that it does not include all the land within the four fences inclosing the ten acres. If the deed conveys to the Gralapps all of the land within the four fences of the ten-acre tract, then they are not entitled to any reduction on the note. A brief narrative of the various transfers affecting the lands purchased and sold by Ferdinand M. Mickenham will make it clear that the deed to the Gralapps conveyed to them all the land within the four fences which were pointed out as the boundaries of the ten-acre tract.

Charles Swegle owned a rectangular tract of land which will be referred to as the eighty, for the reason

that the witnesses speak of it as the eighty, although an actual survey shows that the tract embraces 82.28 acres. In 1888 Charles Swegle conveyed the eighty to Mrs. Bender. At some subsequent time a dispute arose between Mrs. Bender and the Swegle heirs concerning the validity of the deed to her, and they compromised the dispute by dividing the eighty, Mrs. Bender taking the west half and the Swegle heirs taking the east half. These two halves are spoken of in the record as the west and east forties and we shall likewise refer to the halves as the forties.

L. K. Page acquired the west forty and afterwards on June 10, 1903, he conveyed this forty to Ferdinand M. Mickenham. When Mickenham purchased from Page, a fence stood as the east boundary of the west forty; and this fence will be called the old division fence for the reason that it had the appearance of being the division line between the west and east forties. Isaac Lynch as the owner of the east forty cultivated up to this fence and Mickenham, as the owner of the west forty, cultivated all the ground on the west side of the fence. When Mickenham purchased from Page the west forty was in a single field and, with the exception of 1.20 acres in the southeast corner used for school purposes, the east forty was also in a single field.

Charles M. Walker acquired 20 acres off the west end of the east forty and subsequently, on May 27, 1908, he conveyed this twenty acres to Ferdinand M. Mickenham by a deed which describes the place of beginning as a ''point being the northeast corner of a tract of land deeded by L. K. Page to F. Mickenham on June 10th, 1903.'' Walker had measured this 20 acres, using the old division fence as the place of beginning, and Mickenham also measured the 20 acres,

with the division fence as the starting point. Two or three years after his purchase of the twenty acres off the west end of the east forty, Mickenham sold the east 10 acres of the twenty-acre tract to his son and the ten acres sold to the son were measured by first measuring ten acres from the east side of the old division fence, and then measuring the remaining ten acres for the son. The son erected a fence along the east line of his ten-acre tract and the fence may be regarded as the line which divides the two twenties of the east forty. The son also erected a fence along the west line of his ten-acre tract and this is the fence which was pointed out as the east line of the ten-acre tract subsequently sold to the Gralapps. The deed from Mickenham to the Gralapps is not in evidence but it appears from the mortgage, which is in evidence, that the description is tied to the "Northeast corner of a tract of land deeded by L. K. Page to F. Mickenham on June 10, 1903."

The defendants caused a survey of the eighty to be made in October, 1915. The surveyor ran around the "whole tract; then I made a division, making an equal number of acres in each half"; but, in making the division, the "schoolhouse land" aggregating 1.20 acres was excluded from the calculation. If the division line laid out by the surveyor is to govern, then the east line of the land described in the conveyance to the Gralapps would fall to the west of the fence pointed out as the east boundary of the ten-acre tract. It is not clear from the record whether the "schoolhouse land" entered into the calculation when Mrs. Bender and the Swegle heirs divided the eighty. If the "schoolhouse land" was not considered when the land was divided between Mrs. Bender and the Swegle heirs, that circumstance might account for the differ-

ence between the old division fence and the line laid out by an actual survey as the exact division line of the whole tract. However, it is not necessary to speculate upon possibilities nor need we attempt to locate a line which will divide the eighty into exactly equal halves, for it is too late now to divide the land anew. Mickenham bought the west forty in 1903 and had continuously claimed and farmed all the land on the west side of the old division fence until he sold to the Gralapps. The sale by Walker to Mickenham was made with reference to the old division fence; the sale from Mickenham to his son was made with reference to the old division fence; the fence dividing the east forty into halves was located with reference to the old division fence; and the fence forming the west line of the ten acres sold to Mickenham's son was located and erected with reference to the old division fence. The Gralapps were shown the old division fence as the west boundary of the ten-acre tract; and the fence which Mickenham's son erected as the west boundary of his tract was shown to the Gralapps as the east boundary of the ten-acre tract. The east line of the forty purchased from Page by Mickenham coincides with the old division fence. Ferdinand M. Mickenham owned and the Gralapps purchased and received all the land between the fences inclosing the ten-acre tract; and, therefore, the defendants are not entitled to any reduction on the note. The decree of the Circuit Court is modified and the plaintiff is awarded a judgment for the unpaid balance due on the note, $150 for attorney's fees, costs and disbursements in both courts and a decree foreclosing the mortgage.

MODIFIED.

MR. JUSTICE BEAN, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.