No. 22,077.

LAURA D. ROOT (et al.), *Appellants,* v. THE CITY OF TOPEKA
et al., *Appellees.*

### SYLLABUS BY THE' COURT.

1. CITIES OF FIRST CLASS—*Authority to Repave, Recurb and Resurface City Streets.* Section 1232 of the General Statutes of 1915 authorizes a city of the first class, in the exercise of its governing officers' discretion, to repave, recurb, and resurface a street already paved.

2. SAME—*Repaving Streets—Injunction—Fraud or Bad Faith Must be Alleged and Proven.* The rule followed, that in the absence of pleading and proof of fraud, oppression, or bad faith, the courts are not authorized to interfere by injunction with matters which have been intrusted by the legislature to executive and administrative officers.

3. SAME—*Repaving Street—Petition Insufficient to State Cause of Action for Injunction.* Where plaintiff's petition for an injunction to prevent the repavement of a street, and to prevent the levy and collection of taxes to pay for such improvements, sets out, as part of that petition, the official proceedings and published resolution of a city government reciting that the mayor and commissioners have deemed it necessary and for the best interests of the city that the street be repaved, etc., and the petition does not charge the city government with fraud, oppression, or bad faith, an allegation in the petition that the street was already paved, and that such pavement was "in perfect repair and condition," could raise no justiciable question of fact, since neither the plaintiff's contention nor the opinion of the court as to the condition of the pavement would avail against the *bona fide* and unimpeached determination of the city government to the contrary.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed April 12, 1919. Affirmed.

*Hiram C. Root,* of Topeka, for the appellants.

*George P. Hayden,* and *J. D. M. Hamilton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff appeals from a judgment sustaining a demurrer to her petition in which she sought to enjoin the city of Topeka and its mayor and commissioners from resurfacing and reguttering and repaving a portion of a street, and from levying and collecting taxes on plaintiff's lots abutting thereon, to pay for such improvements.

Root v. City of Topeka.

Plaintiff's petition alleged that she owned certain lots which would be subjected to taxation for the projected improvements; that there was no law giving the right to repave, resurface, or regutter a paved street; that the street was already paved with vitrified brick and curbed with limestone; that the adjacent property, including plaintiff's, had been subjected to taxation for ten years to pay for such paving, and that the last annual installment of such special taxes had but recently been paid; that the paving of vitrified brick and the guttering was—

"in perfect repair and condition and constantly used by the traveling public for conveyances and vehicles of all kinds; that automobile drivers use said street, driving up and down the same, and over said pavement, at a speed of from thirty-five to fifty miles per hour at all hours of the day and night."

Her petition also set out a copy of a petition of resident owners of property affected by the proposed improvements, praying that the work be done; and alleged that on January 1, 1918, the city commissioners granted the petition, and found and certified that it was signed by a majority of the resident lot owners.

"Plaintiffs further aver that said petition above set out is not a petition as provided by law, to repave Topeka avenue from the south line of Fourteenth street to the north line of Euclid avenue, but is a petition seeking to give to the city of Topeka and its board of commissioners power and authority to resurface and regutter Topeka avenue from the south line of Fourteenth street to the north line of Euclid avenue by placing on and covering the present vitrified brick pavement with an asphaltic concrete surface for the purpose of making a smooth driveway and boulevard of said Topeka avenue to cater to the wishes and desires of the automobile association of the city of Topeka."

The petition also sets out in full the notice first published February 9, 1918, reciting the mayor and commissioners' resolution to do the paving and improvement work complained of, and also a copy of plaintiff's protest which was presented to the city government on March 11, 1918. (The question whether the plaintiff's protest was filed in time is not raised in defendants' brief.)

The resolution, in part, reads:

"Resolved, That the mayor and board of commissioners of the city of Topeka, Shawnee county, Kansas, deem it necessary for the best interests of said city that Topeka avenue from the south line of Fourteenth street to the north line of Euclid avenue, in said city, be guttered and re-

paved . . . with asphaltic concrete surface on pressed brick pavement as a base."

Plaintiff contends that the statute does not authorize the proposed work. In part, it reads:

"When the mayor and council or mayor and commissioners shall deem it necessary to curb, gutter, pave, macadamize or grade, or recurb, regutter, repave, remacadamize or regrade any street, lane, avenue or alley, or any part thereof, or build or construct any sewer within the limits of the city, for which a special tax is to be levied, such mayor and council or mayor and commissioners shall by resolution declare such work or improvements necessary to be done, and such resolution shall be published for six days in the official paper of the city, if the same be a daily paper, and for two consecutive weeks, if the same be a weekly, and if a majority of the resident owners, owning a majority in square feet of the lots or real estate liable to taxation therefor shall not within twenty days thereafter file with the clerk of such city, their protest in writing, against such improvement, then such mayor and council or mayor and. commissioners shall have power to cause such improvements to be made, and to contract therefor, and to levy taxes as provided by law, and the work may be done before, during or after the collection of a special assessment, as may be deemed proper by the mayor and council or mayor and commissioners." (Gen. Stat. 1915, § 1232.)

Plaintiff says this statute does not warrant the repaving, etc., of a "perfectly paved street," and that defendants' demurrer admitted the truth of the allegation of her petition that the street was in "perfect repair and condition," but all the allegations of plaintiff's petition are to be read and construed together, and she set out in detail, as part of her petition, the taxpaying residents' petition that the street be repaved, and the resolution of the city that the street be repaved. This resolution must be read in connection with plaintiff's allegation that the street was "in perfect repair," and the resolution clearly shows, beyond dispute, that the mayor and commissioners were of a different opinion touching the condition of the ten-year-old pavement, and since the petition charges neither fraud, oppression, nor bad faith, her allegation that the street was in "perfect repair and condition" can have no more significance attached to it than as an expression of her sincere opinion and belief, which is at variance with the equally sincere opinion, judgment, and discretion of the defendants who, as city officials, are charged with the power and duty to determine the fact. The courts are not authorized to adjudicate a mere difference of opinion between a taxpayer and a

Osborne County v. City of Osborne.

city government touching the necessity or desirability of a public improvement, so long as there is no issue raised attacking the city's good faith.

It was said in the city of Holton case—

"It is contended that the paving was unnecessary, and that the action of the city officials was arbitrary. The court found otherwise, and made a finding that the best interests of the city would be served by paving the three blocks in controversy. That was further than the court needed to go, for that matter was vested in the city and not in the court, and so long as the court failed to find that the city had abused its power, there could be no judicial interference, even if the court itself had thought the paving unnecessary." (*Fairchild v. City of Holton*, 101 Kan. 330, 333, 166 Pac. 503.)

The judgment is affirmed.