No. 27,032.

John Paul et al., *Appellants,* v. I. D. Oberholtzer et al., *Appellees.*

SYLLABUS BY THE COURT.

1. Municipal Corporations—*Street Improvements—Validity of Proceedings.* In an action to set aside and vacate the proceedings had by a city commission for certain paving and to set aside a former judgment of the district court as void, the record considered, and held not error to sustain a demurrer to plaintiff's petition.

2. Same—*Trial Generally.* Various alleged errors considered and held to be without substantial merit.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed October 9, 1926. Affirmed.

*J. D. Brown, T. H. Stanford* and *H. J. Radcliffe,* all of Independence, for the appellants.

*John Bertenshaw, Kirke C. Veeder, Thurman Hill* and *Charles D. Shukers,* all of Independence, for the appellees.

The opinion of the court was delivered by

Hopkins, J.:   The action was one involving the validity of certain paving proceedings by the board of commissioners of Independence. The proceedings in question comprised certain resolutions and ordinances, notices published pursuant thereto, a judgment of the district court, and a contract entered into by the city for the paving. The plaintiffs sought to have all such proceedings—the contract for the paving, and the previous judgment of the court—vacated, set aside and held for naught. A demurrer to their petition was sustained, and they appeal.

It appears that sometime prior to June 25, 1925, a large number of the property owners to be affected by the improvement petitioned the board of commissioners to repave, recurb and regutter Main street from the east line of Sixth street to the west line of Ninth street. The petition was filed with the city clerk. Some doubt existed as to whether a majority of the property owners affected had signed the petition. The commissioners on June 25, 1925, elected to treat the petition as advisory, and passed a resolution providing that the street be repaved with vitrified brick, with concrete curb and gutter; that the resolution be published as provided by law; and that the resident owners be given twenty days in which to file a re-

Municipal Corporations, 28 Cyc. p. 1063 n. 92.

monstrance. The resolution was published and within the time limit a rcmonstrance signed by more than one-half of the resident prop-erty owners was filed, and on July 23, 1925, the remonstrance against the repaving with brick was declared sufficient. On July 28 a peti-tion signed by a majority of the resident property owners praying that the street be repaved with reinforced concrete was filed with the city clerk. On July 30 the commissioners passed a resolution pro-viding for the regrading, repaving, recurbing and reguttering of the street with concrete; that the resolution be published with the right of the property owners to protest within twenty days from its last publication. No protest was filed, but on August 31, 1925, a peti-tion praying for the repaving either with brick or reinforced con-crete, the price with either not to exceed $1.75 per square yard, signed by a majority of the resident property owners to be affected was filed with the city clerk.

Various other proceedings were had by the city commission which need not be here recited. On September 26 Sherwood was awarded a contract to repave the street by resurfacing with brick. Thereafter an action was commenced in the district court of Montgomery county by *I. D. Oberholtzer et al. v. City of Independence et al.*, praying an injunction against the city and the contractor to enjoin the defendants from resurfacing the street with brick. After trial and due consideration the court entered a permanent injunction, en-joining the city from resurfacing the street with brick under the pro-ceedings theretofore had. The judgment, among other things, re-cited:

"And now on this 15th day of October, 1925, one of the judicial days of the regular October, 1925, term of said court, the parties appearing as before, and the court having had said matter under advisement since the 6th day of Octo-ber, 1925, and the parties respectively having submitted additional authorities and the court being fully advised in the premises, doth find:

"That upon June 25, 1925, the commissioners passed a resolution in the ordi-nary form, providing for repaving, reg"uttering and recurbing, and that the re-paving be made and constructed of vitrified brick; that the resolution provided that it should be published in accordance with law, and the resident owners be given twenty days to file a remonstrance. That within the time limit a remon-strance was filed, and on the 23d day of July, 1925, upon motion of Mr. Kerr, seconded by Mr. Harlow, the remonstrance filed against the repaving of Main street was declared to be sufficient. That upon or about July 28, 1925, a peti-tion was filed by a majority of the resident property owners with the commis-sioners, petitioning that the commissioners pave Main street from the east line of Sixth street to the west line of Ninth street, with reinforced concrete. That

Paul v. Oberholtzer.

upon July 30, the commissioners passed a resolution regarding the repaving, recurbing and reguttering of all that portion of Main street in the city of Independence, from the east line of Sixth street to the west line of Ninth street. . . .

"That on September 26, 1925, the board of commissioners of the city of Independence met in adjourned session with Mayor Kerr and Commissioners Ryan and Harlow present. That at said meeting the board of commissioners adopted verified plans, specifications and estimates theretofore prepared by the city engineer for three types of repaving, to wit: new brick, reinforced concrete, brick resurfacing. That thereupon bids were received and opened for said three types of paving, said A. G. Sherwood being the only bidder, and all of said bids being within the engineer's estimates. That on motion of Ryan, seconded by Harlow, it was ordered that Main street from Sixth to Ninth be repaved by resurfacing with one course of brick; that at such time the contract for the resurfacing of said street with brick was allowed to the only bidder, A. G. Sherwood.

"The court finds that inasmuch as a petition was first presented for the resurfacing of said street with brick and that a remonstrance was thereafter filed in due time, and that as soon thereafter as stated in the findings another petition was presented by a majority of the resident owners, petitioning for repaving of said street with concrete, and that the resolution passed by the board of commissioners provided that the same should be repaved with concrete, notifying the resident property owners that if they had any protest same should be made within twenty days; that the city could not thereafter award the contract to Mr. Sherwood for anything except that kind of paving, or concrete paving, as mentioned in the resolution; that the city commission should be, and they are hereby restrained from proceeding with the contract for repaving with brick with Mr. Sherwood under the present resolution and ordinance.

"It is therefore by the court ordered, adjudged and decreed that said defendant be and it is permanently restrained and enjoined from proceeding with the repaving of said street with brick resurfacing under the said contract with said A. G. Sherwood; it is further ordered, adjudged and decreed that said city may, if it so elects, repeal all orders, resolutions and ordinances heretofore adopted concerning said paving, or proceed to let said contract for repaving with reinforced concrete upon the verified estimate, plans and specifications heretofore prepared by the city engineer and adopted by said board to said A. G. Sherwood upon his bid for repaving said street with reinforced concrete."

In accordance with the court's judgment, the commissioners rescinded their action theretofore taken in letting a contract for brick resurfacing, and let a contract to the defendant Sherwood on his bid for reinforced concrete. The paving has long since been completed, but the plaintiffs seek to have the proceedings and the judgment of the court vacated as a nullity. They contend that there is no law under which the commissioners could, without readvertising, let the contract for reinforced concrete under a bid made four months be-

fore its date; that the action was illegal and fraudulent; that in the interim there might have been changes in prices of material, or labor, which would have been beneficial to those who bear the burden—the resident owners of more than one-half of the property liable for taxation and assessment for such paving. They allege that the trial court was fraudulently deceived and misled when it considered and determined the original case. The court sustained a demurrer to plaintiff's petition in the instant case indicating that it had in no wise been misled. It had before it all of the petitions, orders, minutes, resolutions, and, in fact, every step taken by the board of commissioners, including the contract to Sherwood for brick resurfacing, as shown by the journal entry of judgment. That the trial court was careful in its consideration of the matter is indicated by the fact that, while the hearing and argument were had on October 6, the court took the matter under advisement and did not finally enter judgment until October 15 following. The judgment was not void.

The defendants contend that they considered the petition "for either reinforced concrete or brick resurfacing" merely as advisory; that they did not consider that it had any binding force or effect on the action of the board.

In *Salt Co. v. Hutchinson*, 72 Kan. 99, 82 Pac. 721, where a similar matter in some respects was considered it was said:

"Whatever the petition may contain as to the character of such improvement must be taken as mere advisory suggestions, which may or may not be followed. By this we do not mean that the mayor and council may under all circumstances, when a paper called a petition is filed with them, proceed to construct the special improvement asked for and disregard the statements of such paper as to the kind of improvement and the details of its construction. A paper might be so filed which would amount to a mere proposition, instead of a petition, within the meaning of the statute. The signers of such a paper might indicate that they wanted the proposed improvement provided it could be made for the price and of the kind stated, and not otherwise. This would not be a petition within the purview of this statute, and such paper might be properly rejected." (p. 102.)

The petition in the instant case upon which the improvement was made called for reinforced concrete, and by having estimates made and calling for bids on reinforced concrete, the board was merely carrying out the expressed desire of a majority of the taxpayers to be affected by the improvement. The fact that the resolution passed by the commissioners provided for the paving of the street with concrete instead of reinforced concrete was not so wide a variation as

to render the proceedings void. (See *Salt Co. v. Hutchinson,* supra; also, *Root v. City of Topeka,* 104 Kan. 668, 180 Pac. 229; *Fairchild v. City of Holton,* 101 Kan. 330, 166 Pac. 553.) Various other complaints have been considered. None are of sufficient moment to require a reversal.

The judgment is affirmed.