No. 29,688.

R. C. BOCK, *Plaintiff*, v. JOHN P. STACK, as Mayor of the City of Beloit, JOHN W. HAYES et al., as Councilmen, etc., and the CITY OF BELOIT, *Defendants*.

(296 Pac. 357.)

Opinion filed March 7, 1931.

*C. L. Kagey, Leon W. Lundblade* and *L. M. Kagey*, all of Beloit, for the plaintiff.

*R. L. Hamilton*, of Beloit, for the defendants.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus. Plaintiff, and the requisite number of other persons, owners of real property, liable to taxation therefor, petitioned the governing body of the city to grade, pave and otherwise improve four blocks of one of the city streets. The proceeding is to compel the defendants to proceed with the work. Plaintiff relies on that portion of the statute (R. S. 12-602) which reads as follows:

"Whenever a majority of the resident owners of real property liable to taxation for the improvement . . . shall petition the governing body to grade, . . . pave, . . . or otherwise improve the same, the governing body shall cause such work to be done. . . ."

The legal question presented is whether the word "shall," used in the above quotation, is used in its imperative sense, requiring the governing body to proceed with the work, or whether it is used in its permissive sense, giving to the governing body some discretion as to whether they shall proceed with the work.

That specific question was before this court in *Rockwell v. Junction City*, 92 Kan. 513, 141 Pac. 299, where it was held:

"The word 'shall' as used in section 1420 of the General Statutes of 1909 [which is the same statute here under consideration], to the effect that when resident property owners petition for the improvement of a street the city council shall cause the work to be done, is not used in its imperative sense, but is construed to mean 'may.'"

Plaintiff requests this court to review its opinion in the case just cited and to hold that the word "shall" is mandatory. We have reviewed the question and are entirely satisfied with the conclusion reached in the former opinion and the reasons there given, which we deem it unnecessary to repeat.

Entertaining that view, it necessarily follows judgment must be entered for defendants. The writ prayed for is denied.