No. 41,921

EARL SHAW, *Appellant*, v. CITY OF WAKEENEY, TREGO COUNTY, KANSAS; BRIGHTON ARNOLD, as Mayor; ROBERT W. HECKMAN, as Councilman; MYRON HARRIES, as Councilman; DARRELL C. PHILLIPS, as Councilman; W. B. SQUYRES, as Councilman; GERALD JEFFERIES, as Councilman, and C. E. SELLERS, as City Clerk, *Appellees*.

(356 P. 2d 832)

Opinion filed November 12, 1960.

*George C. Wingerson*, of Hill City, argued the cause and was on the briefs for the appellant.

*Ernest J. Deines*, of WaKeeney, argued the cause, and *William Wagner*, of WaKeeney, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This appeal involves the legality of proceedings, under the provisions of G. S. 1949, 12-602, for the grading, curbing, guttering and surfacing of one block of Third Street, between Earle Avenue and Chase Avenue, in the City of WaKeeney, Trego County, Kansas, a city of the third class.

The facts controlling the rights of the parties are admitted in the briefs and on oral argument, as they were in the court below, and may be stated thus:

On August 3, 1959, a petition was filed in the office of the city

clerk for the improvement of the portion of the street in question. This petition was signed by two of the three owners of the real property liable to taxation in the blocks adjacent to the improvement. All three owners, including the appellant (plaintiff) who did not sign the petition, were residents of the city.

On the night of August 3, 1959, the city council, as the governing body of the city, met in its regular monthly session. During this session the petition was presented to the governing body and it was advised by the city clerk that the records in the office of the register of deeds of Trego County had been checked on August 3, 1959, as to the ownership of the land liable to be assessed and that such records as of that date showed that the persons signing the petition constituted more than fifty-one percent of the resident owners liable to taxation for the proposed improvement. Thereupon, after discussion and consideration, the governing body found that the petition was signed by a majority of the resident property owners liable to taxation for the improvement and legally sufficient. Then, on motion duly made and seconded by its members, the governing body granted the petition by a unanimous vote and instructed the city attorney to prepare an ordinance providing for the improvement so that the ordinance could be presented for adoption at the next regular or special meeting.

Later, and on August 11, 1959, the appellant (plaintiff) by quitclaim deed conveyed a small portion of one lot of the real estate affected, to be exact the east twenty feet of such lot, to his sister, a resident of the city. This deed was filed of record on the same date, thus making it appear that on such date the petition for improvements no longer contained a majority, but only fifty percent, of the resident property owners liable to taxation for the improvement authorized by the governing body on August 3, 1959.

Subsequently, and on August 17, 1959, at a special meeting, which was the next meeting after the action taken by it on August 3, 1959, the governing body of the city adopted Ordinance No. 909, providing for the grading, curbing, guttering and surfacing of the portion of the street in question. This ordinance was published in accord with the law relating to the publication of municipal ordinances. At the time of the adoption and publication of such ordinance, as has been previously indicated, there were four resident property owners liable to taxation for the improvement; whereas at the time of the granting of the petition for such improvement on August 3

there were only three such owners, two of whom, representing more than fifty percent of the then resident property owners, had signed such petition.

On September 8, 1959, the appellant commenced this action in the district court of Trego County to enjoin the appellees (defendants) from improving Third Street, as set out in Ordinance No. 909.

The pleadings in the action thus instituted are not involved and require brief reference.

Highly summarized the petition alleges that Ordinance No. 909 of the city is unlawful, illegal, invalid and void in that the petition to the governing body for street improvements, referred to in the ordinance, was signed by only two resident property owners, which was not a majority of the resident property owners liable to taxation along and adjacent to Third Street on August 17, 1959, the date of the adoption of such ordinance; and that having knowledge of the alleged facts as to ownership of the property the governing body of the city acted in bad faith in passing the ordinance on such date.

Summarized just as highly the appellees' answer set forth the heretofore related admitted facts and alleged that all acts and proceedings relative to the execution of the petition for the improvements in question, the approval and granting of such petition, the determination of the legal sufficiency thereof, and the subsequent adoption of Ordinance No. 909, were all in accordance with the statute pertaining thereto (Chap. 12, Art. 6, particularly G. S. 1949, 12-602), and were free of any fraud or bad faith on the part of the appellees or any of them, hence the injunctive relief sought by appellant in the petition should be denied.

In substance appellant's reply admits all factual allegations of the answer and denies only the allegations thereof alleging the acts of the city were in accord with G. S. 1949, 12-602, and free of any fraud or bad faith.

With issues joined as related the cause came on for trial by the court, whereupon the parties stipulated that all allegations of fact in the pleadings, alleged either by appellant or appellees were true and correct, except appellant's allegations as to bad faith and actual notice on the part of the appellees. This stipulation, it should be pointed out, included the facts heretofore referred to in this opinion as admitted even though they are not detailed in our summarization of the pleadings.

During the course of the trial evidence, limited solely to charges

of bad faith on the part of the governing body, was introduced by the parties. Thereupon, after oral argument by respective counsel, the court made findings and rendered a judgment which, according to the journal entry, read:

"Thereupon, the court, after due consideration of the admitted or stipulated facts as contained in pleadings, the evidence presented, and oral argument of counsel finds generally for the defendants and denies the prayer of plaintiff's petition. The court further finds the term 'of said resolution' contained in the following sentence, to-wit:

" 'The sufficiency of said protest or petition as to the ownership of the property shall be determined by the record in the office of the register of deeds at the time of the adoption of said resolution.'

contained in Sec. 12-602, G. S. of Kansas, 1949 means the original resolution where the governing body originated the proceedings by resolution, and means the action by motion or resolution taken by the governing body at the time the petition is acted upon or passed upon when the proceedings are originated by petition. The court further finds that under the admitted or stipulated facts as contained in the pleadings, that on August 3, 1959, when the governing body of the City of WaKeeney passed upon the sufficiency of the petition of the property owners that more than one half of the resident property owners liable for taxation for the payment of said street improvement had signed the petition.

"It Is Therefore Ordered By The Court that judgment be entered for the defendants and against the plaintiff generally . . ."

Upon rendition of the foregoing judgment appellant perfected the instant appeal and presents his cause to this court under a single specification of error charging that the trial court erred in finding and entering judgment in that as a matter of fact and law he is entitled to the injunctive relief prayed for in his petition.

The parties agree that the question presented by this appeal is one of first impression in this jurisdiction and requires a construction of the Laws of 1931, Chapter 107, Section 1, now G. S. 1949, 12-602. Therefore we quote at length from the provisions of such section which so far as here pertinent, reads:

"Whenever the governing body of any city shall deem it necessary to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize, or otherwise improve any street, avenue, or any part thereof, for which a special tax is to be levied, as herein provided, said governing body shall by resolution declare such work or improvement necessary to be done, and such resolution shall be published for six days in the official paper of the city, if the same be a daily, and for two consecutive weeks, if the same be a weekly; and if the resident owners of more than one-half of the property liable for taxation therefor shall not within twenty days from such last publication file with the clerk of said city their protest against such improvement, the governing body shall have power to cause such work to be done or such improvement to

be made, and to contract therefor and to levy taxes as herein provided: . . . Whenever a majority of the resident owners of real property liable to taxation for the improvement in two or more adjacent blocks shall petition the governing body to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize or otherwise improve the same, the governing body shall cause such work to be done or such improvement to be made, and shall contract therefor, and shall levy taxes for all such improvements as herein provided upon the property on each side of said street to the middle of the block. *The sufficiency of said protest or petition as to the ownership of the property shall be determined by the record in the office of the register of deeds at the time of the adoption of said resolution.* . . ." (Emphasis supplied.)

In a preliminary way it should be stated, at the outset, that under the provisions of the statute just quoted there are two methods of procedure, *i. e.*, the resolution method—and the petition method, under which a city is given power and authority to initiate an improvement of the character here involved. It is true, as appellant points out, that action implementing such an improvement by the governing body must be done by ordinance rather than by resolution (*Newman v. City of Emporia*, 32 Kan. [2nd Ed.] 456, 4 Pac. 815; *Shaffer v. Haddam City*, 130 Kan. 450, 286 Pac. 318). However, contrary to his suggestions, the authority to initiate the improvement (See, *e. g.*, *State, ex rel., v. City of Kingman*, 123 Kan. 207, 208, 254 Pac. 397) is one thing and the implementation thereof is another. Authority to cause the improvement to be made is acquired by resolution or petition. Implementation is accomplished by ordinance.

With what has been heretofore related, particularly since the parties agree that a construction of G. S. 1949, 12-602, is required; that a majority of the owners of the real property subject to taxation for the improvement in question had signed and were on the petition at the time of the governing body's action on August 3; and that on the date of the adoption of the implementing ordinance only fifty percent of the owners liable for taxation for the improvement had signed and were on such petition, the all-decisive question involved in this appeal may be stated thus: Under the existing facts and circumstances did such petition have to be signed by a majority of the resident property owners on August 3, 1959, when the governing body of the city found the petition to be legally sufficient and granted it on formal motion, or did such petition have to be signed by a majority of resident property owners on August 17, 1959, when implementing Ordinance No. 909 was adopted?

Directing our attention to the last sentence of the heretofore quoted pertinent portions of 12-602, *supra*, which we have under-

lined for purposes of emphasis, the essence of all contentions advanced by appellant is that the last three words of such sentence, *i. e.*, "of said resolution," are the crux of this case and, since the word "petition" is omitted from that portion of the sentence, the last three words thereof must be interpreted and construed as applicable to proceedings for improvements under the resolution method only. Then, premised upon that assumption, he argues the date of the adoption of the implementing ordinance (August 17), instead of the date (August 3) on which the governing body of the city passed upon the legal sufficiency of and granted the petition, must be regarded as the determining date for the sufficiency of the involved petition as to the ownership of the property.

Conceding the use of the words "of said resolution" gives rise to some ambiguity in the statute, we cannot agree with appellant's position as to how it must be construed. In the first place merely to read portions of the statute as heretofore quoted makes it appear that it is dealing with the two methods of procedure, to which we have heretofore referred, and that the last sentence thereof has reference to both methods. In the second place it is to be noted such sentence deals specifically with the sufficiency of said protest or petition as to ownership of the property at the time of the adoption of a resolution and makes no reference to a subsequent ordinance. In the third place, since such sentence makes no distinction in the decisive step required to give the governing body authority to cause an improvement, authorized by 12-602, *supra*, to be made, it must be assumed that in its use of the words "of said resolution" the legislature had in mind that in the proceedings of a municipal board a resolution is something less formal than an ordinance, and, generally speaking, is a mere expression of the opinion or mind of the governing body concerning some matter coming within its official cognizance (See, *e. g.*, Ballentine Law Dictionary [2d Ed.] Unabridged, "Resolution" p. 1130; *Sawyer v. Lorenzen & Weise*, 149 Iowa 87, 91, 127 N. W. 1091; *Andrew v. Iowa State Bank*, 216 Iowa 1170, 1176, 250 N. W. 492, 495) and is otherwise recognized as a formal expression of the opinion or will of an official body or public assembly adopted by vote (See Webster's New International Dictionary [2d Ed.] Unabridged, "Resolution" p. 2121 §§ 4, 6; Webster's New Twentieth Century Dictionary [2d Ed.] Unabridged, "Resolution" p. 1541 §§ 2, 4). And last, but not least, the construction appellant seeks to give the statute in question (12-602) over-

looks and fails to give force and effect to the rule, recognized by our decisions, that authority to initiate an improvement under such statute is acquired by the governing body of a city upon the approval of a legal petition.

Finally it should perhaps be noted that there is an additional reason for holding appellant's contentions, that the day for determining ownership of the involved property was the date of the adoption of the implementing ordinance, cannot be upheld. Even if the words "of said resolution" could be construed in accord with his position we would still be confronted with other provisions of the statute (12-602) authorizing action by a majority of the resident owners of the real property liable to taxation for the improvement for which the petition was filed with no time limitation. In that situation this court is committed to the rule announced in *Price v. City of McPherson,* 92 Kan. 82, 139 Pac. 1162, where it is said:

". . . Where a provision is made that a certain act shall be authorized by a majority of the taxpayers or of petitioners without any limitation of the time, the purpose of the law will be interpreted, as in the cases cited, that changes may be made before the petition or remonstrance is acted upon by the proper authority . . ." (pp. 84, 85.)

In view of what has been heretofore stated we have little difficulty in concluding the trial court's construction of the statute, as heretofore set forth at length in the quoted portion of the journal entry of judgment, which need not be here repeated, was correct and we so hold. With the statute construed as just indicated, since appellant makes no claim of bad faith on the part of the governing body of the city on the date it approved the petition for the involved improvement, it necessarily follows such court's judgment denying appellant injunctive relief under the existing facts and circumstances was proper and must be affirmed.

It is so ordered.