No. 43,269

Wm. R. Rostine, W. E. Rostine, and Boyd L. Rostine, d/b/a Hutchinson Concrete Company, *Appellants*, v. City of Hutchinson, *Appellee.*

(382 P. 2d 474)

Opinion filed June 8, 1963.

*Frank S. Hodge,* of Hutchinson, argued the cause, and *Robert Y. Jones* and *H. Newlin Reynolds,* both of Hutchinson, were with him on the brief for the appellants.

*R. J. Gilliland,* of Hutchinson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action to enjoin the governing body of the city of Hutchinson from proceeding with the improvement of a street.

Judgment was for defendant city. Plaintiffs, who are owners of a portion of the property sought to be affected and taxed—have appealed.

The question involved concerns the construction of certain provisions of Chapter 12, Article 6a, appearing at G. S. 1961 Supp. 12-6a01, *et seq.*, referred to as "General Improvement and Assessment Law," the purpose of which is to authorize the making of special improvements and the levy of special assessments therefor,

by cities, under the terms and conditions set forth in the statute. Pertinent portion of G. S. 1961 Supp. 12-6a04 read:

"(2) Petitions for any improvement authorized to be made under the provisions of this act which set forth: . . . may be filed with the city clerk. Such petitions may be found sufficient if signed by either (*i*) a majority of the resident *owners of record* of property liable for assessment under the proposal, or (*ii*) the resident *owners of record* of more than one-half of the area liable for assessment under the proposal, or (*iii*) the *owners of record* (whether resident or not) of more than one-half of the area liable to be assessed under the proposal." (Emphasis supplied.)

The facts giving rise to this action are not in dispute:

On October 24, 1961, seven persons signed a petition for the proposed improvements. On October 25 three additional persons signed the petition, and on October 26 two additional persons signed it—making a total of twelve signers.

Eleven of those who signed the petition acquired their interest in the property in question by virtue of a deed executed on October 26. This deed was placed of record at 1:10 p. m. on October 27. The petition was filed with the city clerk on October 27—the exact hour of filing being unknown. It was referred to the city engineer on October 30, and on November 6 he reported that as of November 1 he had checked the records and approved the petition as being sufficient. On November 6 the city commission approved the report, and on November 20 the city commission adopted a resolution ordering the improvements.

On November 28 the plaintiffs, who owned land in the district liable to be assessed, filed this action praying that the resolution be adjudged invalid and that the city be enjoined from proceeding further in the matter. Among other things, the petition alleged that many of those who signed the petition were not co-owners of the property at the time they signed it, and that the petition was not signed by a majority of the resident *owners of record* as prescribed by G. S. 1959 Supp. 12-6a04 (now appearing as G. S. 1961 Supp. 12-6a04, the pertinent portions of which are set out above).

In denying injunctive relief and in upholding the validity of the resolution authorizing the improvements, the trial court filed a memorandum opinion setting forth clearly its views. We quote pertinent portions of it:

"The real nub of plaintiffs' argument is that the petition for the improvements failed to comply with statutory requirements, and hence was void,

in three particulars: first, that the petitioners were not property owners when they signed the petition; second, that the petitioners were not record owners of property when the petition was filed with the City Clerk; and third, that only one of the signers was a resident property owner and hence the petition was not signed by a majority of the resident owners of property liable for assessment.

"Turning to the first contention, I find nothing in the statute which requires the signer of a petition to be an owner of record at the time his signature is appended. Nor do I perceive any fair intimation that such is in the intent of the statute. The law simply requires that a petition for an improvement set forth certain information (none of which is in question here); that it be filed with the clerk; and that it may be found sufficient if signed either by a majority of the owners of property liable for assessment, or by the owners (resident or not) of more than one-half the area liable for assessment. I believe the logical construction of this language to be that the sufficiency be determined as of the date the finding of the commission is made. Whether this interpretation will lead to carpetbagging cannot be foretold, but there is no suggestion of fraudulent conduct in this case. Should the evils envisioned become prevalent, legislative correction thereof might well be sought.

"I believe the burden lies with plaintiffs in this case to establish that the petitioners were not record title owners when the petition was filed with the clerk. This burden they have not sustained, for no evidence was adduced to show the hour when the petition was filed, or whether it was in the morning or afternoon. For all the record shows, the petition may well have been filed in the afternoon and after the time the deed conveying title to the defendants was recorded.

"The contention that the city is under the obligation to prove the validity of the petition is, I believe, not sound. The plaintiffs are attacking the validity of the city's action, and are thus charged with the burden of proving that the city was acting illegally. Proof of that fact would require a showing that the petition under which the city was presuming to act without a public hearing, upon notice, did not comply with the statute.

"The point most vigorously asserted by plaintiffs concerns the residence of the signers, it being contended that the words 'resident owners' mean owners who reside in the proposed benefit district itself. On the other hand, the city argues that the words refer to owners who merely reside in the city.

"The question of who is a resident owner within the meaning of statutes relating to petitions for, and protests against, public improvements, appears to have been decisively answered by the decision in Barham v. City of Chanute, 168 Kan. 489. The statute involved in that case was very similar in its wording and import to the one under consideration here. It was there argued that persons owning land in the benefit district and residing either in the district or in the city, were eligible to sign. The Supreme Court concurred in that view, and, on page 492 said:

"'Certainly there is no reason why one residing in the corporate limits,

but who owns land in the benefit district, should not be eligible to sign the petition.'

"Since it is my opinion that the term 'resident owners' must be considered as referring to persons who own property within the proposed district and reside in Hutchinson, those who signed the petition must be held to come within the terms of the statute and thus entitled to sign the petition."

From the foregoing it appears the trial court was of the opinion the statute in question does not require that the signer of a petition be an owner of record at the time he signs; that the sufficiency of the petition is to be determined as of the date the finding is made by the city commission, and that under the rule announced in *Barham v. City of Chanute,* 168 Kan. 489, 213 P. 2d 960, resident owners include those persons owning land in the benefit district but who live within the city.

In this appeal counsel for the city adopts the reasoning of the trial court and, in addition, relies upon the case of *Shaw v. City of WaKeeney,* 187 Kan. 301, 356 P. 2d 832.

With all due respect to the persuasive reasoning of the trial court, we nevertheless believe that it reached an erroneous conclusion in this matter and will state our reasons very briefly.

The above-quoted portion of the statute (G. S. 1961 Supp. 12-6a04) provides that the petition may be found sufficient *if signed* by persons falling within either of three mentioned classifications—and each classification contains the words "owners of record." Six of the seven persons who signed the petition on October 24, and the three who signed it on October 25, were not even "owners" as of the date of signing—for they acquired title by a deed executed on October 26. Two persons signed the petition on October 26—and, for the sake of argument, it may be assumed that, as between the parties, they were "owners" as of the time they signed. The deed, however, was not placed of record until October 27. (In this connection see G. S. 1961 Supp. 67-221, and G. S. 1949, 67-222 and 67-223.) It is undisputed, therefore, that eleven of the twelve signers of the petition were not owners *of record* of the property in question *at the time they signed.*

It is quite true the statute does not, in so many words, specifically state that the signers must be owners of record at the time they sign—but we think that is the only logical construction to be given the language used. The test, therefore, to be applied in determining the sufficiency of the petition is whether those who

sign are *owners of record at the time of signing*—rather than as of the date the city commission acts upon the petition.

The facts and question in the Barham case, above, relied upon by the trial court, and by the city in this appeal, distinguish it from the case before us. The question there concerned the right of persons who owned land in the benefit district, and who were residents either of the district or of the city, to sign the petition. Directly involved was the construction to be placed upon the words "resident property owners," as used in the statute there under consideration. That statute did not contain the words "*owners of record*," as does the one presently before us.

The Shaw case, above, also relied upon by the city, likewise is readily distinguishable from the present case. There the court dealt with a statute which specifically provided that the sufficiency of a petition as to the ownership of property was to be determined by the record in the office of the register of deeds at the time of the *adoption* of the resolution. The statute here under consideration contains no such provision.

Our conclusion, therefore, is this:

The language of G. S. 1961 Supp. 12-6a04, providing for the signing of a petition by "owners of record," is construed to mean that only those persons who are owners *of record* at the time of signing the petition are eligible to sign, and the sufficiency of a petition is to be determined on that basis. Applying that test— the petition here was insufficient to authorize the city to proceed. In view of our holding, other matters argued in the briefs require no discussion.

The judgment is reversed.