(676 P.2d 1285)
No. 55,529

CHESTER BARROWS, *Appellant,* v. THE CITY OF NESS CITY, KANSAS, a municipal corporation, *et al., Appellees.*

Opinion filed January 26, 1984.

*Richard D. Coffelt* of Martin & Coffelt, of Hays, for the appellant.

*Tom Fiegel,* of Ness City, for the appellees.

Before SPENCER, P.J., JEROME HARMAN, C.J. Retired, assigned, and STEVEN P. FLOOD, District Judge, assigned.

FLOOD, J.: On August 3, 1982, a street improvement petition signed by forty people was filed with the appellee, City of Ness City, pursuant to K.S.A. 12-602. On the same day the City of Ness City passed a resolution declaring it necessary to improve the same streets, also pursuant to K.S.A. 12-602.

Following publications of the resolution, twenty-five people filed a protest. At a meeting on October 5, 1982, the City was advised that the protesters only owned 48.6 percent of the total area of the benefit district. The City council then voted to accept the original petition and authorize the work to be done.

Plaintiff-appellant filed an action for injunction. The trial court found that the City had used both the petition and resolution method under K.S.A. 12-602 for initiating the improvement; the petition contained the signatures of a majority of the resident owners of real property liable for tax in two or more adjacent blocks (35 out of 59); the protest petition did not contain the names of owners of more than one-half of the property liable for tax; and the improvement contained more than two adjacent blocks. The court denied plaintiff injunctive relief and he appeals.

This street improvement was initiated under the "old" general paving law for street improvements, K.S.A. 12-601 *et seq.* We are

therefore not concerned about K.S.A. 12-6a01 *et seq.*, which would have allowed the City to create an improvement district within a definable area. K.S.A. 12-602 allows a street improvement either by petition or resolution, and in pertinent part provides:

"Whenever the governing body of any city deems it necessary to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize or otherwise improve any street or avenue, or any part thereof, for which a special tax is to be levied, as herein provided, the governing body shall by resolution declare such work or improvement necessary to be done. Such resolution shall be published once each week for two consecutive weeks in the official city newspaper. If the resident owners of more than ½ the property liable for the tax do not within 20 days from the last publication file with the city clerk a protest against such improvement, the governing body shall have power to cause such work to be done or such improvement to be made, to contract therefor and to levy taxes as herein provided.

"Whenever a majority of the resident owners of real property liable for the tax for the improvement in two or more adjacent blocks petition the governing body to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize or otherwise improve a street or avenue, or any part thereof, the governing body shall cause such work to be done or such improvement to be made, shall contract therefor and shall levy taxes for all such improvements as herein provided upon the property on each side of the street or avenue to the middle of the block."

The statute provides for two methods to initiate a street improvement project. It can be done by resolution, in which event it can be successfully protested by the owners of more than one-half of the area liable for tax.

In the alternative, a street improvement shall be initiated upon petition of a majority of persons residing in two or more adjacent blocks. The word "shall" has been construed to mean "may," so perhaps the resolution method is the only way to force such a project. *Bock v. Stack,* 132 Kan. 533, 296 Pac. 357 (1931).

Appellant argues that, in this case, the City has used the resolution method to expand the requirements imposed on the petitioners that they reside in two or more adjacent blocks. The street improvement in question was identically described in both the petition and the resolution. While both methods are discussed in *Shaw v. City of WaKeeney,* 187 Kan. 301, 356 P.2d 832 (1960), and the City may not depart from the "old" paving law once they have elected to follow it, *Dodson v. City of Ulysses,* 219 Kan. 418, 425, 549 P.2d 430 (1976), we know of no reason why the City cannot use either or both the petition and

resolution method to commence a street improvement. The trial court found the City had used both methods and this finding is supported by the evidence.

In order to understand the appellant's position, it will be necessary to consider the proposed project as a whole. For this purpose we have attached a map as Appendix A.

The City sought to pave James Street south to the intersection of Johnson and one block west on Johnson Street; James Street continuing south to Crescent Drive; all of Crescent Drive to the intersection of Court and Eden Streets, including one block of Lover's Lane (formerly Prospect Drive); Eden Street east for a block and three-quarters; and two blocks south on Court Street.

For the most part, the persons who signed the protest petition reside on Eden Street, Court Street, or Crescent Drive, and in this area they constitute the majority of persons and own over one-half of the area. In short, if, under K.S.A. 12-602, sufficiency of the petition or the protest must be ascertained by a block-by-block comparison, the City is not legally entitled to pave the northern and eastern portions of this proposed project.

In the petition method for street improvements under K.S.A. 12-602, the test is whether the majority of resident owners in two or more adjacent blocks have signed the petition. In this context, the phrase "blocks" means two blocks across from each other with a street between. *Berndt v. City of Ottawa,* 179 Kan. 749, Syl. ¶ 2, 298 P.2d 262 (1956). In this case, the requirement was satisfied for James Street, Johnson Street, and Crescent Drive to its intersection with Lover's Lane on the east. Just as clearly, it was not satisfied as to the northeastern end of the proposed project.

Does the same two-block comparison apply when the City proceeds by the method of resolution and protest? We have been cited no cases in which this point was squarely raised. However, in *Dodson v. City of Ulysses,* 219 Kan. 418, the court had under consideration a paving project consisting in part of a two-block area with T-intersections. The City was proceeding by resolution. The case was reversed because of the use of an unauthorized assessment method, but the court made some observations, including the following:

"Second, the lumping together of a number of projects may be convenient, but it must be remembered that each is in fact a separate project. Thus the paving of

two blocks of Maize street was individually subject to protest, quite apart from the eight other paving projects included in the same resolution of necessity. That is to say, in determining whether a protest was signed by the resident owners of more than one-half the property subject to assessment, property assessable only for streets other than Maize would not be counted. By the same token, in appraising — or reappraising — property subject to assessment for Maize, property subject to assessment only for other streets is not to be considered." 219 Kan. at 426.

Further, K.S.A. 12-603 provides that, when there are unpaved streets between paved streets, not to exceed two blocks, they may be paved by resolution "regardless of any protests."

We do not believe that K.S.A. 12-602 was intended to permit owners or residents on one side of a line to compel paving on the other side of the line simply because the project as a whole gives a slight majority in area or persons to one side of the project. K.S.A. 12-602 requires, in our opinion, under either the resolution or petition method, a comparison of persons or area in two adjoining block segments regardless of the size of the total project.

Appellees argue that this construction will result in paved areas of the city surrounded by dirt streets. We call their attention to K.S.A. 12-6a01 *et seq.,* which would allow the paving of a large project on an improvement district basis. If the unpaved portion does not exceed two blocks, resort may be had to K.S.A. 12-603.

We reverse and remand for the trial court to redetermine the sufficiency of the protests or petitions and, if appropriate, grant injunctive or other relief consistent with this opinion.