No. 55,529

CHESTER BARROWS, *Plaintiff-Appellant,* v. THE CITY OF NESS CITY, KANSAS, a municipal corporation, *et al., Defendants-Appellees.*

(683 P.2d 1267)

Opinion filed July 13, 1984.

*Richard D. Coffelt,* of Martin & Coffelt, of Hays, argued the cause and was on the brief for the appellant.

*Tom Fiegel,* of Ness City, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the plaintiff, Chester Barrows, as a property owner to enjoin a street paving project in the City of Ness City. The district court held in favor of the defendant City and denied the injunction. The Court of Appeals reversed in a published opinion, *Barrows v. City of Ness City,* 9 Kan. App. 2d 225, 676 P.2d 1285 (1984). The Supreme Court granted the City's petition for review.

The facts in the case are undisputed. On August 3, 1982, a street improvement petition signed by 40 people was filed with the City of Ness City pursuant to K.S.A. 12-602. On the same day and pursuant to the same statute, the city council passed a

resolution declaring it necessary to improve the same streets described in the street improvement petition. Following publication of the resolution, 25 property owners filed a protest. At a meeting on October 5, 1982, the City was advised that the protestors owned only 48.6% of the total area of the benefit district. The city council then voted to accept the original petition and authorized the work to be done. Plaintiff, as one of the protestors, filed this action for an injunction. The district court found that the City had properly used both the petition and resolution methods authorized by K.S.A. 12-602 for initiating the improvement. The court also found that the petition contained the signatures of a majority of the resident owners of real property liable for the tax in two or more adjacent blocks (35 out of 59) and that the protest petition did not contain the names of owners of more than one-half of the property liable for the tax. The court denied plaintiff injunctive relief and he appealed.

This street improvement was initiated under the "old" general paving law for street improvements, K.S.A. 12-601 *et seq.* We are, therefore, not concerned about K.S.A. 12-6a01 *et seq.*, the "new" paving law which was enacted in 1957 and which authorizes a city to create an *improvement district* within a definable area. The statutory provisions which are involved in this case are as follows:

"12-601. **Cost of street improvements assessed against abutting owners.** Whenever any street or avenue in any city shall be graded, regraded, paved, repaved, curbed, recurbed, guttered, reguttered, macadamized, remacadamized, or otherwise improved, the cost of such improvement shall be paid by and assessed to the property on each side of said street or avenue to the middle of the block."

"12-602. **Resolution, protest, contract, levy and assessment for improvements.** Whenever the governing body of any city deems it necessary to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize or otherwise improve any street or avenue, or any part thereof, for which a special tax is to be levied, as herein provided, the governing body shall by resolution declare such work or improvement necessary to be done. Such resolution shall be published once each week for two consecutive weeks in the official city newspaper. *If the resident owners of more than ½ the property liable for the tax do not within 20 days from the last publication file with the city clerk a protest against such improvement, the governing body shall have power to cause such work to be done* or such improvement to be made, to contract therefor and to levy taxes as herein provided.

"Whenever a majority of the resident owners of real property liable for the tax for the improvement *in two or more adjacent blocks* petition the governing body

to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize or otherwise improve a street or avenue, or any part thereof, the governing body shall cause such work to be done or such improvement to be made, shall contract therefor and shall levy taxes for all such improvements as herein provided upon the property on each side of the street or avenue to the middle of the block.

"The sufficiency of a protest or petition filed hereunder, as to the ownership of the property, shall be determined by the record in the office of the register of deeds at the time of the adoption of the resolution.

"The cost of grading, regrading, paving, repaving, curbing, recurbing, guttering, reguttering, macadamizing, remacadamizing or otherwise improving intersections of streets and the cost of making any  .  .  .  improvements in streets, avenues and alleys running along or through city property shall be paid for by the city at large, for which general improvement bonds of the city may be issued according to law, except that, if the petition of the resident owners initiating the project so provides, the entire cost or a part thereof may be assessed against the benefited property in the same manner as the remainder of the improvements." (Emphasis supplied.)

We are particularly concerned in this case with K.S.A. 12-602 which provides for two methods to initiate a street improvement project—the resolution method and the petition method. The first paragraph of K.S.A. 12-602 authorizes a city to initiate a street improvement by *resolution* in which event it can be successfully protested by the resident owners of more than one-half of property liable for the tax. In the alternative, the second paragraph of 12-602 provides that a street improvement may be initiated by a *petition* filed by a majority of the resident owners *in two or more adjacent blocks*. Under the petition method, 12-602 provides that whenever a majority of the resident owners of real property liable for the tax for the improvement of two or more adjacent blocks petition the governing body to pave or otherwise improve a street or avenue or any part thereof, the governing body *shall* cause such work to be done or such improvement to be made. The word "shall" has been construed to mean "may," so that the governing body of the city is given discretion whether or not to proceed with the street improvement. *Bock v. Stack,* 132 Kan. 533, 296 Pac. 357 (1931).

It is undisputed that in this case the City of Ness City proceeded under *both* the petition method and the resolution method provided under K.S.A. 12-602. It has been held that once a city has elected to follow the old paving law (K.S.A. 12-602), it is bound to follow it. *Dodson v. City of Ulysses,* 219 Kan. 418, 425, 549 P.2d 430 (1976).

The petition that was filed in this case requested the paving of portions of six different streets in the City including Crescent Drive, Lover's Lane, Court Street, Eden Street, James Street, and Johnson Street. The same street areas were identically described in the resolution passed by the City. In the district court and also in the Court of Appeals, the plaintiff maintained that a city cannot lawfully proceed by using both the petition method and the resolution method to enlarge the boundaries of a proposed benefit district. The district court and the Court of Appeals held that it could find no legal reason why the City could not use either or *both* the petition method and resolution method to commence a street improvement. The Court of Appeals noted that in *Shaw v. City of WaKeeney,* 187 Kan. 301, 356 P.2d 832 (1960), it was held that, under K.S.A. 12-602, a city may proceed either by the resolution method or by the petition method. There are no cases which prohibit a city from proceeding under *both* methods simultaneously. There have been prior cases of this court in which a city proceeded with a street improvement using both the petition method and the resolution method in the same project. *Paul v. Oberholtzer,* 121 Kan. 699, 249 Pac. 585 (1926); *Root v. City of Topeka,* 104 Kan. 668, 180 Pac. 229 (1919). In those cases, the issue as to the propriety of a city proceeding by both methods was not raised.

From our review of the cases, we have concluded that the Court of Appeals correctly decided this issue and agree with its holding that K.S.A. 12-602 does not prevent a city from initiating a city improvement project both by using a resolution, subject to protest, and also by acting on a petition of resident owners.

We now turn to the question whether the petition alone was sufficient to permit the City to proceed with the street improvement project. As noted above, the City sought to pave portions of Crescent Drive, Lover's Lane, Court Street, Eden Street, James Street, and Johnson Street. The Court of Appeals noted that, for the most part, the persons who signed the protest petition resided on Eden Street, Court Street, or Crescent Drive, and in this area that constituted the majority of persons and owners of over one-half of the area. It concluded that if, under K.S.A. 12-602, the sufficiency of the petition or the protest must be ascertained by a block-by-block comparison, the city was not legally entitled to pave the northern and eastern portions of the proposed project.

In determining the sufficiency of the petition, the Court of Appeals held that, under the petition method for street improvement, the statutory test is whether the majority of resident owners "in two or more adjacent blocks" have signed the petition. The word "blocks" as used in the phrase "two or more adjacent blocks" has been interpreted to mean *two blocks across from each other with a street in between. Berndt v. City of Ottawa*, 179 Kan. 749, Syl. ¶ 2, 298 P.2d 262 (1956). In our judgment, the Court of Appeals correctly concluded from the record that in this case the requirement was satisfied for James Street, Johnson Street, and Crescent Drive to its intersection with Lover's Lane on the east. That court further held that the requirement probably was not satisfied as to the northeastern end of the proposed project. We agree with the holding of the Court of Appeals that, under the petition method, K.S.A. 12-602 requires a comparison of the views of resident owners in each two adjacent block segments regardless of the size of the project. Thus, a determination of the sufficiency of a petition under K.S.A. 12-602 requires a *block-by-block comparison* of the persons whose names are contained in the petition.

The Court of Appeals remanded the case to the trial court to determine on a block-by-block basis which blocks had a majority of the resident owners favoring the paving improvement. This holding was correct since the district court had not made that determination under the petition method.

Turning to a consideration of the resolution method and the sufficiency of the protest filed in response to the city's resolution to commence the street improvement, the basic question presented is whether the block-by-block test should be applied to determine the sufficiency of the protest under the resolution method provided for in K.S.A. 12-602. It is important to note that the words "in two or more adjacent blocks," which are contained in the paragraph pertaining to the petition method, are not included in the first paragraph of K.S.A. 12-602 which provides for the resolution method. That paragraph states, in substance, that whenever the governing body of any city deems it necessary to pave or otherwise improve "any street or avenue or any part thereof," for which special taxes are to be levied, the governing body by resolution shall declare such work or improvement to be done. This language in our judgment establishes a clear legisla-

tive intent that a governing body of a city may proceed by resolution to pave "any street or any part thereof," that the portions of a particular street to be paved are to be considered as a unit, and that, in determining the sufficiency of the protest filed by the resident owners, the views of persons in the area of the street which is to be improved are to be considered as a unit. The block-by-block test which is utilized under the petition method is not applicable.

In this regard, we note that in several cases the block-by-block test has not been applied and the portion of the street included in the project was treated as a unit in determining the strength of the protest of the resident owners. In *Clarke v. Lawrence*, 75 Kan. 26, 88 Pac. 735 (1907), the City of Lawrence passed a resolution for the paving of Rhode Island Street. There were 93 real estate owners along Rhode Island Street, of whom 46 protested and 47 were in favor of the project. The block-by-block method was not used in determining the validity of the protest. In *Rodgers v. Ottawa*, 83 Kan. 176, 109 Pac. 765 (1910), the City of Ottawa passed a resolution to grade and curb Main Street covering several blocks. At the time the protest was filed, there were 76 resident owners of real estate and the protest was filed signed by 45 resident property owners. The afternoon of filing day, a number of property conveyances were made which increased the number of resident owners to 94 so that those protesting the project were reduced to a minority and the paving project was upheld. The point is that all of the resident owners along the entire portion of the street which was to be paved were considered as a unit and the court did not apply the block-by-block test.

In *Dodson v. City of Ulysses*, 219 Kan. 418, the City used the resolution method in authorizing the paving improvements along Maize Street and also along several other streets. This court held that, although a number of paving projects under the general paving law (K.S.A. 12-602) may be consolidated for convenience in administration, *each is a separate project for the purpose of determining the validity of the protest*. The court, in the opinion at page 426, states that the paving of two blocks of Maize Street was individually subject to protest, quite apart from the eight other paving projects included in the same resolution. The court held that in determining whether a protest was signed

by the resident owners of more than one-half the property subject to assessment, property assessable only for streets other than Maize would not be counted. Thus, each street was to be considered as a separate unit in determining the validity of the protest.

We have concluded from these decisions and from our analysis of the language in K.S.A. 12-602, that in determining the sufficiency of a protest under the resolution method, the entire portion of each street which is to be improved under a paving project is to be treated as a unit and the views of the resident owners along that street are to be considered in determining the sufficiency of the protest. The block-by-block test is not to be applied where a city proceeds by the resolution method. Thus, the Court of Appeals was in error in requiring the block-by-block test where a city proceeds by the resolution method.

Based upon the reasoning set forth above, we reverse the district court. We affirm in part and reverse in part the judgment of the Court of Appeals. The case is remanded to the district court with directions to determine the sufficiency of the petition by using the block-by-block test, and to determine the sufficiency of the protest under the resolution method by considering the resident property owners along each street as a separate unit. The district court may then proceed to either grant or deny injunctive relief.

HOLMES, J., not participating.

SCHROEDER, C.J., dissenting.