No. 39,295

Sports Center, Inc., *Appellee*, v. The City of Wichita; Russell Jump, Mayor; Walt Keeler, Commissioner; L. A. Donnell, Commissioner; Floyd T. Amsden, Commissioner; W. C. Salome, Jr., Commissioner; and C. C. Ellis, City Clerk of the City of Wichita, *Appellants*.

(269 P. 2d 399)

Opinion filed April 10, 1954.

Douglas E. Shay, of Wichita, argued the cause, and *Fred W. Aley* and *Lawrence E. Curfman*, both of Wichita, were with him on the brief for the appellants.

*H. E. Jones*, of Wichita, argued the cause, and *A. W. Hershberger*, *J. B. Patterson*, *Richard Jones*, *Wm. P. Thompson*, and *Jerome E. Jones*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to have an ordinance of the defendant city apportioning and assessing the costs of paving a street declared null and void insofar as it affected plaintiff's property and to enjoin the city clerk from certifying the assessment to the county clerk. The defendants answered. To this answer the plaintiff demurred; the demurrer was sustained and the defendants have appealed to this court from that ruling.

In a preliminary way it may be stated that the action grows out of the assessments made to defray the cost of paving Countryside Plaza, a street in Grandview Heights in the defendant city. At-

tached to the defendants' answer is a copy of a plat. Insofar as here necessary to state, that plat shows that Countryside Plaza extends west from Bluff Avenue to Roosevelt Avenue and beyond to Clifton Avenue. Immediately west of Bluff Avenue and on the north side of Countryside Plaza is Block 3 consisting of ten sixty-foot lots 135 feet deep north and south and bounded on the west by Roosevelt Avenue. Bluff Avenue does not extend north of the north line of Block 3. Immediately north of Block 3 and abutting directly thereon is a rectangular piece of land approximately 650 feet east and west and 990 feet north and south. Although not shown by the plat it seems undisputed this rectangle is only the western portion of an entire tract of about thirty acres owned by the plaintiff. Immediately west of Roosevelt Avenue is Block 2 which extends north from Countryside Plaza for a distance of about 670 feet to the south side of Osie Street, the east end of which abuts plaintiff's tract but does not extend into it. The only streets shown as abutting plaintiff's tract are Roosevelt Avenue on the west and Harry Street on the north. The plat and the record before us do not disclose that at any place on the south side there is any street abutting any part of plaintiff's entire tract, nor what lies to the east of plaintiff's tract nor how far to the east the first north and south street may be.

Plaintiff's petition alleged the status of the parties; that it owned a tract of land of approximately thirty acres which had never been platted nor laid out with streets and alleys; that on September 16, 1952, the city had adopted an ordinance assessing its tract in the sum of $2,950.86 for paving Countryside Plaza between Bluff and Clifton streets in the city of Wichita, and that the ordinance was contrary to G. S. 1949, 12-601, which was quoted, and the general effect of which is that whenever a street is improved, the cost shall be paid by and assessed to the property on each side of the street to the middle of the block, and therefore the portion of the ordinance affecting plaintiff's property was null and void. Allegations as to the duty of the city clerk to certify the assessment to the county clerk unless restrained need no attention. The prayer was that the ordinance be declared void insofar as it affected plaintiff and that the city clerk be enjoined from certifying the assessment to the county clerk.

The defendants filed an answer admitting status of the parties; that plaintiff owned an unplatted tract of land but that a plat attached to his petition did not accurately and completely show the

location of the tract in relation to the streets and other areas; that the city had adopted the ordinance making the assessment, and that it was the city clerk's duty to certify the assessment to the county clerk; denying that the ordinance was null and void; that they attached to their answer a plat accurately portraying the location of the plaintiff's tract in relation to the streets and other areas composing the plat; that they attached a copy of the ordinance which had been duly adopted and published, and that pursuant to the ordinance the special assessment was validly made against the land of the plaintiff to the middle of the block as provided by G. S. 1949, 12-601, and:

"That the area bounded by Bluff Avenue, Countryside Plaza, Roosevelt Avenue and Osie Street (extended) constituted a block within the meaning of said statute. That the special assessment against plaintiff's land was and is valid and in every respect made in conformity with law."

The prayer was that plaintiff be denied relief and that defendants recover their costs.

The ordinance stated that the cost of improving Countryside Plaza from Clifton Avenue to Bluff Avenue chargeable to private property owners had been ascertained to be $18,968.96 and the payment of each lot and parcel of land had been equalized on all lots and parcels of land to the center of the block on either side of said street for the distance to be paved, and that there was apportioned and assessed to pay the cost of the improvement the following sums on the following described lots and parcels of land, followed by a number of descriptions in the various blocks fronting on the improved street and including a metes and bounds description covering the south 199.5 feet of plaintiff's lands immediately north of Block 3 and an assessment in the amount of $2,950.86.

To this answer the plaintiff demurred for the reason the answer stated no defense, but specifically showed that the city levied the assessment contrary to the statutes of Kansas and without statutory authority. This demurrer was sustained and the defendants perfected their appeal.

Although appellants state the question involved is whether the trial court erred in sustaining the demurrer to their answer, they also say that put in different words the question is whether the area bounded by Bluff Avenue, Countryside Plaza, Roosevelt Avenue, and Osie Street (extended) constitutes a block within the meaning of G. S. 1949, 12-601, which we summarize as providing that whenever any street shall be paved or improved "the cost of such im-

provement shall be paid by and assessed to the property on each side of said street . . . to the middle of the block."

Although not explicitly pleaded in their answer, at the oral argument appellants stated that the extent of lands of appellee against which the assessment was rendered was arrived at by considering the south line of Osie Street as though it extended into appellee's tract, and using that as a north boundary and Countryside Plaza as the south boundary, the tract so created was considered as a block and the assessment levied on that part of appellee's tract south of the middle line of the block created. It is clear that to so create a block, it was necessary not only that the south line of Osie Street be extended, but that Bluff Avenue, which as platted did not enter appellee's tract, be also extended. Unless those two things could be done, appellee's land subjected to assessment, together with the lots in Block 3 of Grandview Heights, did not constitute a block or tract of land surrounded by streets. Appellants cite no statute authorizing the city to so create a block for the purpose of assessment for street improvements and we know of none. In the very recent case of *State, ex rel., v. City of Topeka,* 175 Kan. 488, 264 P. 2d 901, the question before this court was the power of a city to carve out of an unplatted piece or tract of land exceeding twenty acres a tract not exceeding twenty acres and annex the tract so created. In that opinion it was held that cities are creations of the legislature and can exercise only the power conferred by law, that they take no power by implication, that the only power they acquire in addition to that expressly granted is that necessary to make effective the power expressly conferred, and that a city had no power to carve out of the larger tract a smaller tract and annex it to the city. We are of the opinion that that case is analogous here, and that the city was without power to consider as extended through appellee's tract streets only the ends of which abut that tract, and thus create a fictional black where in fact there is none.

Appellants contend, however, that if the extension of the south line of Osie Street was unwarranted appellee was not harmed for the north end of its tract borders Harry Street, and if that be considered as the north end of the block the median line between it and Countryside Plaza would include a greater portion of appellee's tract and its assessment would be increased, and appellee cannot complain because its assessment was not larger, citing *Railway Co. v. City of Topeka,* 103 Kan. 897, 176 Pac. 642. A reference to the

plat included in the opinion in that case shows a block surrounded by streets, and consisting of both platted and unplatted lands. The case is not decisive of the question whether the appellee's lands in the instant case are part of a block as that word is used in the statute.

Appellants direct our attention to *Wilson v. City of Topeka,* 168 Kan. 236, 212 P. 2d 218, as holding that it is not essential that all of the area in a block be composed of platted lots but that it may consist of platted lots and unplatted lands. That opinion so holds. In that opinion, however, there was discussion as to what constitutes a block under the statute, reference being made to the authorities cited, and it was said that ordinarily a block is a portion of a city surrounded by streets, and it was held:

"Ordinarily the word 'block' as used in G. S. 1935, 12-601, refers to a space in a city, usually rectangular, enclosed by streets and used or intended for buildings." (Syl. ¶ 1.)

In the last cited case we had occasion to observe that over the years statutes for paving city streets had made varying provisions as to real estate subject to special assessment to pay the cost thereof and that many of our decisions had dealt with lands adjacent to railroad rights of way, irregular tracts, tracts not surrounded by streets and other situations not necessary to detail, and that owing to such diversity a review of the statutes and decisions would unduly extend the opinion. And so here. It seems rather clear from appellants' answer that the city predicated its power to make the assessment complained of by its act in creating for its purposes a block which did not exist in fact. If it be considered a larger tract owned by appellee actually was a block within the purview of the statute, there is no allegation that was the fact. If we give any attention to statements and admissions made in the briefs and at the oral argument and to what is disclosed by the plat, appellee's lands did not constitute a block under our decisions.

The judgment of the trial court is affirmed.