No. 45,014

THE STATE OF KANSAS, ex rel. JAMES W. BOUSKA, County Attorney of Johnson County, Kansas, *Appellant, v.* THE CITY OF EDGERTON, KANSAS, *Appellee.*

(440 P. 2d 540)

Opinion filed May 11, 1968.

*George Lowe,* of Olathe, argued the cause, and *James W. Bouska* and *P. Stephen Martin,* of Olathe, were with him on the brief for appellant.

*Maurice R. Hubbard,* of Olathe, argued the cause, and *Marion W. Chipman,* of Olathe, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The state of Kansas on the relation of the county attorney of Johnson County commenced this action pursuant to K. S. A. 60-1201, challenging the validity of Ordinance No. 356 adopted by the city of Edgerton annexing a portion of an adjacent platted subdivision to the city. The case was tried by the district court upon the parties' stipulation of facts and submitted issues of law. The court sustained the validity of the ordinance, and the state has appealed.

On April 25, 1966, the city governing body adopted the ordinance incorporating the real estate in question into the city, and thereafter published notice of its annexation. On April 29, 1966, a certified copy of the proceedings was filed in the office of the register of deeds of Johnson County.

The petition, filed July 14, 1966, alleged that Wesley Wayne Obermeier and Leona Carole Obermeier, husband and wife, were

the owners of Lot 6 of the County Clerk's Subdivision except .15 of an acre deeded away for highway purposes and one acre, more or less, conveyed to School District No. 81 for school purposes; that the ordinance and annexation proceedings were void for the reason the Obermeiers had never consented in writing to the annexation, and that no hearing or consent was or had been obtained from the Board of County Commissioners of Johnson County, allowing the annexation as required by K. S. A. 15-11a01 and 15-11a02, and that the ordinance was illegal and void under applicable laws of Kansas.

It was stipulated the Obermeiers resided on Lot 6 on which there was over five acres of growing corn, and that they had not consented to the annexation.

The city of Edgerton is a third class city. The territory annexed by the ordinance was a part of the tracts and lots described in the County Clerk's Subdivision in the Northwest Quarter (NW¼) of Section 7, Township 15, Range 22, Johnson County, filed in the office of the register of deeds on February 2, 1912, pursuant to Chapter 316, Laws 1911 (K. S. A. 79-405, 79-406), and shown in plat book 4 at page 39 in that office. A plat of the subdivision is shown in the record and when filed in 1912, contained 22 separate tracts or lots of various sizes. The separate tracts or lots contained no alleys.

The ordinance annexed Lots 4, 5, 6, 7, 8, 9 (shown on the plat as Westview Subdivision), and 14. The plat shows that Lots 1, 2, 3, 15, 16, 17, 18, 19, and a small portion of Lot 20, were previously annexed and are now within the corporate limits of the city. The area or block annexed is rectangular in shape and is bounded on the east by the corporate limits of the city; on the south by Nelson Street (dedicated on the plat as a 60-foot street and is conterminous with Nelson Street in the city); on the north by U. S. Highway 56 which runs through the city and is an extension of Morgan Street, and on the west by a county highway. Braun street is a north-south street within the platted addition between Lot 8 and Westview Subdivision.

The area annexed receives the benefits of water under pressure from water mains of the city of Edgerton, and the high school and grade school are located upon Lot 5 and a portion of Lot 6. The area is lighted by street lights and all of the property involved receives fire protection from a rural fire district which houses its truck in the city of Edgerton free of rent or charge.

The district court filed a memorandum opinion which was incorporated in its judgment in favor of the city, and we quote from the memorandum:

". . . The Court finds the facts in the case to be in accordance with the Stipulation of Facts filed by the parties herein on September 12, 1966, together with the further finding that although the County Clerk's Subdivision was filed by virtue of Chapter 316 of the Laws of 1911 for tax purposes, it apparently was intended and was in fact used for other purposes, and by usage has become the mode of describing property therein obtained.

"The Court further finds that the suggested issues of law, are the issues on which the conclusion of this case must be based, and will answer the conclusions as set forth and numbered in the Stipulation of Facts filed by the parties on September 12th:

"1. Does the total absence of alleys within said territory render the annexation ineffective?

"Answer: No.

"2. Does said annexed territory contain streets as required by K. S. A. 15-11a02?

"Answer: Yes.

"3. Was the land annexed by the city a platted subdivision according to law?

"Answer: The Court finds that as originally platted it was for tax purposes only but by usage since that time, which was in 1912, the plat has taken on the attributes of a subdivision according to law.

"4. Does the territory in dispute receive city benefits as required by the above statute?

"Answer: It receives water from the City of Edgerton and a limited benefit through the Township Fire Department and these meet the requirements of the statute.

"5. Did the land annexed contain lots and blocks as required by the aforementioned statute?

"Answer: As has already been indicated, the land annexed contained lots and blocks within the provisions of the statute.

"6. What is the correct acreage of Lot 6?

"Answer: Without setting forth herein the definite acreage the Court will say that Lot 6 contains more than five acres."

In harmony with the foregoing conclusions, the district court entered judgment that the ordinance annexing the lots and a block described in the County Clerk's Subdivision was valid and should be sustained.

Generally speaking, the subject of additions, vacations, and lot frontage, with respect to all municipalities within the state is contained in K. S. A. and K. S. A. 1967 Supp., Ch. 12, Art. 5. However, specific authority is contained in K. S. A. Ch. 15, Article 11a, for additions to cities of the third class. K. S. A. 15-11a01, provides in substance that when the governing body of any city of the third

class desires to enlarge its corporate limits from territory adjacent thereto, it shall present a petition, in the name of the city, to the Board of County Commissioners setting forth *by metes and bounds* the territory sought to be added, and asking the Board of County Commissioners to make a finding as to the advisability of adding the territory to the city. Obviously, the property intended to be described in such a petition is property not platted according to law.

K. S. A. 15-11a02 provides for publication of notice of the time and place of the hearing of the petition, together with a description of the property sought to be added, and the names of the owners thereof, and the pertinent portions of the third and fifth provisos read:

". . . *Provided further*, That no such proceeding shall be necessary *when the territory sought to be added is subdivided into lots and blocks, streets and alleys and receives city benefits* or when the owner or owners of the property consent to its addition, *but in such cases the city shall have power to add such territory to the city by ordinance*: . . . *Provided further*, That no *unplatted* tract of over five (5) acres shall be taken into said city without the consent of the owner, unless the same is circumscribed by platted territory already a part of said city, or unless such tract is improved by city residence or business property, and no tract of over five (5) acres and owned by one (1) person can be divided without consent of owner, in order to bring it within this act. . ." (Emphasis supplied.)

It is conceded the existing boundaries of the city do not circumscribe the territory annexed by the ordinance, and the state first contends the County Clerk's Subdivision, which includes lots in excess of five acres in size, is not subdivided property within the contemplation of K. S. A. 15-11a02 and susceptible to annexation without proceeding before the Board of County Commissioners. It is argued the area involved is not subdivided into lots and blocks, streets and alleys, as required by the statute, and that the platting was not voluntarily done by the owners with the intention or expectation that they thereby consented to its future annexation.

The city contends the authority for annexing the territory in question is contained in the third proviso of 15-11a02, and that it is unnecessary for the governing body to petition the Board of County Commissioners as to the advisability of adding the territory to the city. It asserts the territory annexed in the County Clerk's Subdivision filed of record in 1912, is subdivided into lots and constitutes a block, and is surrounded by streets, including a street within the subdivision, and all the area receives city benefits within

the meaning of the third proviso of 15-11a02. The pertinent portion of K. S. A. 79-406 reads:

"Whenever any subdivision of land, as specified in the preceding section, shall have been divided and is owned in severalty by two or more persons, and the owners thereof have failed and neglected to execute and file of record a plat thereof, the county clerk shall by mail notify all of such owners residing within this state and demand the execution and recording of a plat. If such owners, when so notified, fail and neglect for thirty days after the issuance of such notice to execute and file a plat for record, the county clerk shall cause one to be made, making any survey necessary therefore. *Said plat shall be signed and acknowledged by the county clerk, who shall certify that he executed it by reason of the failure of the owners named to do so, and file it for record, and when so filed it shall have the same effect as if executed, acknowledged and recorded by the owners."* (Emphasis supplied.)

As indicated, the territory annexed had been subdivided for over 54 years when the ordinance was adopted. The plat of the subdivision was drawn to scale and was signed and acknowledged and filed for record by the county clerk in conformity with the statute. No contention is made otherwise. That had the same legal effect as if the subdivision had been platted and recorded by the owners. While the subdivision was originally platted for tax purposes only, the district court concluded that "by usage since that time . . . the plat has taken on the attributes of a subdivision according to law." It is evident the court used the term "usage" as denoting, among other things, the mode or course of conduct followed in describing and conveying real estate owned by persons in the subdivision. The record indicates that for many years real estate in the area, including that owned by the Obermeiers, had been described and conveyed by the lot and block therein described. Moreover, eight other lots of the subdivision and a small portion of another, were previously annexed to the city and are presently described by lot number in the County Clerk's Subdivision.

No proceeding before the Board of County Commissioners is required when the territory sought to be added is subdivided and platted in the manner provided by law and receives city benefits, in which case the city is empowered to add such territory by ordinance. (15-11a02.) The County Clerk's Subdivision here involved, was platted and filed in a manner which had the same legal effect as if recorded by the owners, and by usage throughout the years, "has taken on the attributes of a subdivision according to law." We construe that conclusion of the district court to mean that the property described therein meets the specifications of being "plat-

ted" as that term is used in K. S. A. 12-401, where the requirements for a proprietor of a proposed addition to a city of the third class are prescribed. The record supports the district court's conclusion and makes it unnecessary to discuss the contention the territory annexed is not subdivided into lots and blocks, streets and alleys. In passing, it may be said the area is unquestionably circumscribed by streets (*McGrew v. Stewart,* 51 Kan. 185, 32 Pac. 896), and has a street in the platted area; it is subdivided into lots and is rectangular in shape and for the purposes of 15-11a02, is properly considered a "block." (*Berndt v. City of Ottawa,* 179 Kan. 749, 298 P. 2d 262.) While an alley is a luxury and persons having them are fortunate, many platted subdivisions have no blocks, so to speak, and no alleys at all. See K. S. A. 1967 Supp., 12-519, *et seq.*

The state's claim that the territory in question is not receiving city benefits, is not well founded. It was stipulated the territory receives water supplied by the city. The statute does not define "city benefits" and we know of nothing that lends credence to the suggestion the furnishing of city water is not a sufficient city benefit. Indeed, water pumped under pressure and metered and serviced by a city to supply the innumerable uses of the commodity by modern society is, without question, a "benefit" provided the area by the city.

It is claimed that more than five acres owned by the Obermeiers is involved in this annexation. That is true, but the fifth proviso of 15-11a02 makes the only reference to "five acres," and that limitation applies only to *unplatted* tracts. As has been concluded, the Obermeiers' tract—Lot 6—is contained in the County Clerk's platted subdivision which has taken on the attributes of a subdivision according to law and receives city benefits, and was lawfully annexed by the city pursuant to Ordinance No. 356.

The judgment is affirmed.