[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These three zoning appeals pertain to the same parcel of real estate. The cases were consolidated and tried together before this court. The citizens who are the parties in CT Page 1218 interest are the same in each of the three appeals, although the parties Ryan and not official parties in the second of the cases, Schultz, the decision in that case accords with their position as advanced in their consolidated brief filed in these appeals.
The property which is the subject of these appeals is located in the Town of Farmington. It consists of a parcel of land which is four acres in area, bounded on the south by Old Mountain Road and on the west by Ely Road. The property at one time consisted of an additional 2.347 acres, which abutted the subject property on the east. Some years prior to these appeals the property was subdivided. The 4.0 acres resulting from that subdivision is the subject of these appeals.
The court finds, on the basis of the evidence presented that Virginia M. Ryan is the owner of property which abuts the subject property, on the north. See exhibit A, deed from Peter and Clara Scott to Virginia M. Ryan dated December 3, 1991, and the testimony of Virginia M. Ryan that she has owned and occupied the abutting property since December 3, 1981. The court finds that Virginia M. Ryan is an aggrieved party, per C.G.S. 8-8, and that the court has jurisdiction to hear the cases captioned Ryan.
The court finds that the plaintiffs Abbott Schultz, Jr. and Nancy E. Schultz are the owners of the subject property. See exhibit A, case #CV93-0520361, deed from Archie E. Albright and Elizabeth B. Albright dated March 13, 1992. The plaintiffs are aggrieved parties and the court has jurisdiction to hear the case captioned Schultz.
There is located on the subject four acre parcel a four bedroom dwelling house of substantial size. A portion of the front of the house extends beyond the building line on Old Mountain Road. The house is very old. The testimony before the Board of Appeals is that the interior of the house is in a poor state of repair. The intrusion across the building line causes the house to be a legally permissible nonconforming use.
The property includes two outbuildings, a garage and a barn, which are located approximately in the center or middle of the four acres. They are located north-northwest of the house. A large oak tree is located approximately fifty feet CT Page 1219 to the rear of the house, and possesses a very extensive limb spread.
I. The Variance — Case #CV92-0513984S
On May 26, 1992, Schultz made application to the Zoning Board of Appeals for a variance to "Permit the retention of existing building as a non-residential accessory building in the front half of the lot in R-80 zone," and further, "Variance to maximum 15' height requirement."
The testimony before the board by Mr. Schultz is to the effect that he intended to construct a new house in the center of the property, attaching it to the existing garage, and intended to use the existing old dwelling house only as an outbuilding. It was his intention that the existing house be used for "hobbies, that type of thing."
Per the zoning regulations this could not be accomplished for two reasons. First, Article IV, Section 2A provides that accessory buildings shall be located only in the rear yard of a lot. The location of the old house, as an accessory building would not comply with that requirement. Second, accessory buildings "shall not exceed a height of fifteen feet." The old house is 15 ft. 2 inches high. A change in the character of the building from residence to accessory use would also subject the building to the fifteen foot height limitation for accessory uses, due to the change of the character of its use.
The Zoning Board of Appeals granted the variance on June 15, 1992. The reason stated in the record is "The Board found that the existing structure was of historical significance and that its removal to another location would create practical hardship due to topography and an extremely large oak tree in close proximity to it; also that the alteration of its height would be detrimental to its historical value."
The zoning ordinance, Article II, A1, allows only one dwelling per lot. Unless the present dwelling could qualify as an accessory use a second dwelling could not be placed on the lot. The present dwelling could not qualify as a proper accessory use, as it cannot be claimed to be properly located on the lot, and it is in excess of the height limitations for the new proposed accessory use. These same requirements CT Page 1220 affect each property located in the R-80 zone.
Article V, section 4A3 allow the Zoning Board of Appeals to grant a variance where it finds "exceptional shape size, or topography of the lot." The reasons given by the Board do not include any such finding. Other permissible reasons for granting a variance are "other exceptional situations or condition of the building or land." The finding of the Board do not include any such finding.
The existence of a tree on the lot is not such an unusual condition. Most land does have trees on it. The ordinance allows for granting a variance in the event of "practical difficulty or unnecessary hardship. " Not being able to erect a second dwelling, or a desire to preserve all structures on a lot, or a desire to convert a dwelling to a "hobby building," or to preserve a tree, is not considered to be "practical difficulty or unnecessary hardship. "
All of these circumstances "generally apply to other property in the neighborhood." See Ordinance Article V, Section 4 A3a. The fact that the existing structure was found to be "of historical significance" is not a criteria under the provisions of the ordinance. Property laudable as that concern may be, it is not a criteria under the ordinance. Historic preservation is the proper subject of other legislation, creating historic districts, and the placing of specific property on State or National Historic registers.
 "Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship; and a variance should not be granted unless it is in harmony with the general purposes and intent of the zoning ordinance."
 Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662. (internal citations omitted).
 ". . . the trial court reviews the record to determine whether it has acted fairly or with proper motions or upon valid reasons." Krejpcio v. Zoning Board of Appeals, supra, p. 662. (emphasis added). CT Page 1221
 ". . . the record is barren of any evidence which would justify a finding of exceptional difficulty or unusual hardship.
 Krejpcio v. Zoning Board of Appeals, supra, p. 663.
It is further noted that the defendants specifically waived their rights to file a brief on this variance appeal, to present oral argument on at this Variance Appeal, which appears to be realistic, considering the status of the evidence before the Board.
For the reasons set forth herein the appeal of the plaintiff Virginia M. Ryan in Case #CV92-0513984S is sustained. Judgment enters for the plaintiff in that appeal.
II. Schultz v. Town Plan Zoning Commission, CV93-0520361S
On November 13, 1992, the plaintiff submitted to the defendant Town Plan Zoning Commission of the Town of Farmington an application for re-subdivision of said property. Reference is herein made to the introduction in this Memorandum of Decision, and the court decision on the Variance Application, to avoid unnecessary duplication of factual background.
The granting of the variance having been appealed, and its prospective outcome being realistically predictable, the plaintiffs determined to apply for re-subdivision approval to separate the four acre parcel into two acre parcels or lots. It was intended that each of said lots would contain at least 80,000 sq. ft. to meet the minimum requirements for lots in this R-80 zone. The old house would occupy one of the lots and a new dwelling would then occupy the other lot, thereby allowing both the old and the new dwelling to be in conformance with the requirements of the zoning ordinance.
In conjunction therewith the plaintiff submitted its plan of subdivision. The plan of re-subdivision proposed that the boundary separating the two lots would commence at a point on Old Mountain Road, approximately in the middle of the four acre lot's frontage. This line would proceed north perpendicular to Old Mountain Road, for 89.32 ft. Thereafter the line veers to the northeast for 125 ft., then north for CT Page 1222 72.29 ft., then northwest for 162.65 ft. At that point the north boundary commences, running west for 219+ ft., ending at the east boundary of Ely Road. The latter line resulted in a 22 ft. corridor for the east lot, running behind the west lot, out to Ely Road. It was explained at trial that this corridor was not for access to Ely Road, but rather to give to the east lot sufficient square footage to comply with the area requirement for the east lot.
Suffice it to say that the configuration of the proposed lots looked more like the pieces of a jig saw puzzle than that of reasonably drawn building lots. The purpose of the strange dividing line configuration was to include the present outbuildings, garage and barn, as part of the proposed new west lot, and this could only be accomplished by the abrupt turns of the line, northeast, then north, then northwest, thus enveloping the barn and the garage into the west lot.
The Town Planning and Zoning Commission denied the application on December 18, 1992 stating as its reason, "Denial was based upon the general requirement that side lot lines be perpendicular to street lines and members found that varying this rule did not result in a better lot plan."
Section 4.03 of the Subdivision Regulations of the Town of Farmington state . . . "In general, side lot lines shall be at right angles to street lines (or radial to curving street lines) unless a variation will give a better street or lot plan."
The plaintiff contends, in this appeal, that the regulation, Sec. 4.03, is invalid because it fails to contain ascertainable known and fixed standards. Further, that the reason given is not supported by the evidence in the record. The plaintiff contends in its brief that the side lot lines are "predominately at right angles" to the street lines.
 "When a zoning commission states the reasons for its action, `the question for the court to pass on is simply whether the reasons are reasonably supported by the record, and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulation.'" CT Page 1223
 DeMaria v. Planing [Planning] Zoning Commission, 159 Conn. 534, 540.
The court determines that the regulation, Section 4.03, is a pertinent consideration which the commission is required to apply under the zoning regulations. The symmetry of lot lines serves a specific and important function in land development. It mitigates against confusion and provides for the facile understanding of actual lot line boundaries. It allows property owners to easily ascertain by observation the approximate bounds of their land and that of neighbors. It mitigates against confusion, which is often precipitated by irregular boundary configurations and obtuse angles of departure. The regulation, section 4:03, is pertinent to the considerations which the Commission is required to apply under the zoning regulations.
The Commission properly applied the Regulation. "Side lot lines shall be at right angles to the street . . ." The Regulation does not state that only a part of the line must be at right angles to the street. In the instant case the east side line of the west lot, being the west side of the east lot line, is at right angles to the street, Old Mountain Road, for no more than 20% of its length. Thereafter it takes off in sharp angles and varying directions.
The court determines that the evidence before the Board supports its conclusion as concerns the failure of the lot line to be perpendicular to the street, and that a varying of this rule would not give a better street or lot plan.
The court affirms the decision of the Commission as to the denial of the application in Case #CV93-0520361S. Judgment enters for the defendants in that appeal.
III. Ryan v. Town Plan Zoning Commission, Case CV93-0522242S
On December 30, 1992 the property owner Abbott Schultz, Jr., again applied to the Town of Farmington Plan Zoning Commission for a two lot subdivision of the subject property. Reference is again made to the two appeals previously determined in this Memorandum of Decision to avoid the necessity of duplicating the history of the zoning activity on this property. CT Page 1224
In this application the applicant re-drew the proposed boundary line between the two lots so as to commence at a right angle to Old Mountain Road. The line continues in a straight line, without deviation, throughout the entire property to the point where it meets the north boundary of the property.
The proposed line dissects the barn on the present property. The barn will be removed. Both new lots comply with the 80,000 sq. ft. requirement for lots in the said zone.
The plaintiff, in its appeal, assigns a number of reasons whereby it is claimed that the Commission acted arbitrarily, unreasonably and in abuse of its discretion in granting the site plan approval.
Reasons 11 a, b, c, d and e, relate to the fact that the applicants had previously been granted a variance, which was then under appeal, to use the old structure as an accessary [accessory] building on the single existing 4 acre lot. The plaintiff argues that therefore the applicant cannot now submit a request to subdivide the property to now allow the old building to continue to be a residence on one lot, and a new proposed residence to exist on a separate lot.
No authority is cited for this proposition. The court has sustained the plaintiff's contention as to the impropriety of granting the variance. As the defendant points out in its brief, the variance was not recorded in the land records and could not be acted upon while that appeal was pending. Further, the seeking of a variance does not deprive a citizen of the right to use property in any other fashion which is, or may be, proper as a matter of law. The term "subterfuge" as used in the plaintiff's brief is inappropriate, as the record demonstrates that the Commission was completely aware of the activity of the Zoning Board of Appeals, and of its own record in denying the prior subdivision application.
The Commission, in granting the approval, imposed three conditions. 1) The driveway is to be shared between the lots 2) The applicants shall furnish a letter that both lots are to be retained by family members. 3) The septic system on Lot #21 A-1 shall be upgraded. This third condition was amended to provide that the applicant shall engage a CT Page 1225 professional engineer to perform a study investigating the function of the existing septic system, and forward the results for determination to the Farmington Valley Health District of review and determination as to whether the system shall be replaced or repaired.
The Commission, as set forth in Sec. 4.16.02 of the subdivision regulations may approve or impose as a condition of approval, a common driveway. The information furnished by the Farmington Valley Health District was sufficient to determine that the properties, both lots, are capable of supporting the installation of a sanitary system and well. (See exhibit B).
It is to be emphasized that the Commission has approved only the fact of subdivision. Both the construction of the new dwellings and continued occupancy of the old dwellings must conform to the health and sanitary laws and regulations of the state and the town, and are matters which are subject to regulation by those appropriate authorities, and by the zoning enforcement officer.
The plaintiff appears to contend that the applicant must set forth exactly the use to which the accessory buildings are to be placed. Article II, Sec. 3 sets forth the permitted accessory uses on the premises. Those uses are required robe in conformance with the zoning regulations. It is the duty, responsibility, and prerogative of the Zoning Enforcement Officer to police the uses to which accessory uses are actually placed. Such declaration of a specific committed use is not required as a condition of subdivision approval. Lastly, the plaintiff contends that the garage, which is now and will continue to be an accessory use to the old house, shall not exceed a height of fifteen feet and hence cannot be an accessory use as so located; and therefore it is subject to a 40 ft. side line setback requirement. See Article IV, Section 2 A(4).
The record is clear that the garage has been an accessory use to the old dwelling house on the former 4 acre parcel. Under the approved subdivision plan it remains an accessory building to that same old dwelling house located on the new east lot, Lot #27A. Even if the accessory building is greater in height than presently permitted under the present zoning ordinances, there is no evidence that its height has changed CT Page 1226 in the recent past. If the garage was a legally permitted non-conforming use as an accessory to the house prior to the subdivision application, there is no rule of law which would change its status as such accessory use for the same dwelling under the new subdivision. The plaintiff's argument that the garage has in some fashion lost its character or status as an accessory use for that old dwelling is without merit.
The continuation of the garage as an accessory use to the old house which, in the absence of any evidence to the contrary, appears to the court and obviously to the Commission to be a legally permissible non-conforming use, does not conflict with the zoning ordinances of the Town of Farmington. See Fredrico v. Planning Zoning Commission, 5 Conn. App. 509,515. There is no intention to physically move the building. The plaintiff had ample opportunity to present evidence as to the specific history and status of the garage before the Commission. As with the septic system, any speculation as concerns the status of the garage as a legally permissible non-conforming use is entirely speculative. Such matters are within the pervue of the zoning enforcement officer. See Fredrico v. Planning Zoning Commission, supra, p. 514, 515.
The court determines that the reasons set forth by the Commission are reasonably supported by the record and are pertinent to the consideration which the Commission was required to apply. See DeMaria v. Enfield Planning Zoning Commission, supra.
For the reasons set forth herein, the decision of the Commission in Case #CV93-0522242S is sustained. Judgment enters for the defendants in that appeal.
L. Paul Sullivan, J.