[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant East Hartford Planning Zoning Commission's approval of an application to subdivide into three residential building lots a parcel of property on Oak Street in East Hartford. The central question in this appeal is whether, under the applicable East Hartford Planning and Zoning Regulations, the front yards of the proposed homes must run parallel, or perpendicular, to the right of way providing access to the lots. Resolution of that question will determine whether the lots, as approved by the Commission, satisfy the setback requirements of the Regulations.
The basic facts governing this matter are not disputed. The defendant Joseph Rivosa owns slightly more than two acres of land on Oak Street in East Hartford. His property is located in a residential R-2 zone. It has 150 feet of frontage on Oak Street, which runs in a north-south direction, and extends approximately 600 feet to the east. The plaintiff applied for and obtained approval to subdivide the parcel into three residential building lots. As shown on the subdivision map, the front lot would is a corner lot Street and the two rear lots would be positioned to CT Page 5149-SSSS the east of the front lot. Access to all three lots would not be from Oak Street directly, but rather from a 50 foot wide right of way running perpendicular to Oak Street in an easterly direction.
The East Hartford Zoning Regulations set forth minimal size requirements for lots in an R-2 zone. First, § 313 requires that each lot have a width of at least 100 feet. Second, § 315.1 requires that each lot have a front yard of 40 feet in depth, as measured from the street line. In addition § 313 requires that each lot "be of such a shape that a square with 90 feet on each side will fit on the lot behind and touching the required setback of the front yard." The minimum depth of a lot, therefore, when measured from the street line, is 130 feet (40 foot setback from street line plus additional 90 foot setback to accommodate square within which house must fit).
The question presented in this appeal is whether the approval granted by the Commission adheres to the front yard setback, width and "square" requirements of § 313 and § 315. The approved subdivision plan, as reflected in the subdivision map, sites the proposed front yards facing Oak Street. The plaintiffs claim, however, that the front yards must be positioned with reference to the street providing access to the lots, namely the fifty foot right of way. So positioned, the plaintiffs argue that the § 313 and § 315 setback and width requirements cannot be satisfied.
In exercising its function of approving or disapproving a subdivision plan, a planning commission acts in an administrative capacity. Beach v. Planning and Zoning Commission of Town ofMilford, 141 Conn. 79 (1954). It is limited to determining whether the application complies with the subdivision regulations. R.B. Kent Son, Inc. v. Planning and ZoningCommission of Town of Ledyard, 21 Conn. App, 370 (1990). General Statutes § 8-26 prohibits approval of a subdivision application if the subdivision plan does not comply with the applicable zoning regulations. Krawski v. Planning Zoning Commission,21 Conn. App. 667, 670 (1990).
"Speculative violations [of zoning regulations] may not be the basis" for denying a subdivision application. Id, 672. "[V]iolations of frontage and yard size zoning requirements would occur, if ever, only when a subsequent building permit application positioned a residence on the site. A commission may legally base subdivision application denials on zoning violations inherent in the plan itself as submitted but not on those that CT Page 5149-TTTT are `entirely speculative'." Federico v. Planning ZoningCommission, 5 Conn. App. 509, 514-15 (1985).
Although, on the present state of the record, it appears clear that the actual positioning of the houses as reflected in the subdivision map would violate § 313 and § 315 of the Zoning Regulations,[1] Federico precludes a finding that the subdivision approval itself was improperly granted. Based on facts substantially similar to the present case, the Federico
court concluded that it was improper for the trial court to invalidate the subdivision approval based on the claim that future use of the lot would violate frontage and side yard requirements. Id. The Federico court ruled that such a claim would be ripe for determination only after a building permit were granted approving the actual positioning of the house. Likewise, in this case, the plaintiffs' claim of noncompliance with the setback and frontage requirements of § 313 and § 315 can be evaluated only if a building permit approving the actual location and position of the properties is issued. Accordingly, because the plaintiffs' claim is not ripe for adjudication, their appeal is dismissed.
SO ORDERED.
Robert L. Holzberg, J.