[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Patricia Garrison, appeals from the decision of the defendant, the Planning Board of the City of Stamford (the planning board) denying her application to subdivide the real property commonly known as 925 Long Ridge Road, Stamford, Connecticut (the subject property). By application dated January 20, 1999, the plaintiff sought approval for a subdivision of the subject property. (Return of Record [ROR], Exh. 4). The application sought to subdivide the subject property into three lots. (ROR, Exh. 4). The planning board held a public hearing on May 25, 1999. (ROR, Exh. 23). The planning board voted unanimously to deny the application on June 1, 1999. (ROR, Exh. 25). The plaintiff now appeals the planning board's decision to the Superior Court.
Pursuant to General Statutes § 8-8, the Superior Court has jurisdiction over an appeal from the decision of the planning board. "Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed." (Internal quotation marks omitted.)Ensign-Bickford Realty Corp. v. Zoning Commission, 245 Conn. 257,263, 715 A.2d 701 (1998).
The plaintiff must plead and prove aggrievement for the court to have subject matter jurisdiction over an administrative appeal.Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). At a hearing on February 4, 2000, the court found that the plaintiff was an aggrieved party pursuant to General Statutes § 8-8 because she owns the subject property. At the hearing, the plaintiff offered into evidence deeds for the subject property and the city of Stamford assessors' report listing the plaintiff as CT Page 4820 owner of the subject property. (Plaintiff's exhibits 1, 2 and 3). Therefore, the court finds the plaintiff is an aggrieved party who has standing to bring this appeal.
General Statutes § 8-8 (b) provides in relevant part that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) further provides that "[s]ervice of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." Notice of the decision on the plaintiff's application was published in the Stamford Advocate on June 4, 1999. (ROR, Exh. 26). Service of process was made on the town clerk and the chairman of the planning board on June 14, 1999. The court finds that the plaintiff commenced this appeal in a timely fashion by service of process upon the proper parties.
"In the context of review of subdivision applications, [p]roceedings before planning and zoning commissions are classified as administrative. . . . Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. . . . The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. . . . The evidence, however, to support any such reason must be substantial. . . ." (Citations omitted; internal quotation marks omitted.) Property Group, Inc. v. Planning Zoning Commission,226 Conn. 684, 696-97, 628 A.2d 1277 (1993).
On June 1, 1999, the planning board voted unanimously to deny the plaintiff's application to subdivide the subject property. (ROR, Exh. 25). The planning board denied the plaintiff's application because the subject property had outstanding zoning violations. (ROR, Exh. 25).
The plaintiff appeals on the grounds that the planning board's decision was illegal, arbitrary and in abuse of its discretion for the following reasons: (1) the planning board disapproved the application because of a claimed andlor anticipated use violation of the zoning regulations not inherent in the plan itself as submitted; CT Page 4821 (2) the planning board disapproved the application on grounds not expressly provided for in the applicable statutes, regulations or charter of the city of Stamford; and (3) Sections 3.2[1] and 3.6.3[2] of the Stamford subdivision regulations, if they permit the action taken by the planning board, are void for vagueness and are violative of the excessive fine clause of the eighth amendment to the United States constitution and article one, § eight of the Connecticut constitution. (Amended appeal, ¶ 10).
The plaintiff argues that the planning board abused its discretion in denying her subdivision application because neither the General Statutes nor the Stamford subdivision regulations provide for denying a subdivision application because of outstanding zoning violations. In response, the planning board argues that General Statutes § 8-26
prohibits the approval of a subdivision application when the subject property has outstanding zoning violations.
The planning board did not act arbitrarily in denying the plaintiff's application because it lacked the authority to approve the plaintiff's subdivision application. "It has been said that the whole field of subdivision regulation is peculiarly a creature of legislation. It is therefore imperative that before subdivision regulations may be made operative, the necessary statutory authorization must exist." (Internal quotation marks omitted.) Smithv. Zoning Board of Appeals, 227 Conn. 71, 81, 629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1994). General Statutes § 8-26 provides in relevant part "nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations." Pursuant to General Statutes 8-26, "statutory requirements must be read to concern zoning violations inherent in the plan itself as submitted and not potential use violations."Federico v. Planning Zoning Commission, 5 Conn. App. 509, 515,500 A.2d 576 (1985); see also Krawski v. Planning ZoningCommission, 21 Conn. App. 667, 673, 575 A.2d 1036, cert. denied,215 Conn. 814, 576 A.2d 543 (1990). Here, the record reflects that the subject property has outstanding zoning violations that involve "the use of the property as a Professional Office-Principal Use." (ROR, Exh. 8).[3] Consequently, the zoning violations are inherent in the subdivision plan because the subject property itself has outstanding zoning violations. Moreover, the subject property has existing, not potential, violations of zoning regulations. As a result, the planning board lacked the authority pursuant to General Statutes § 8-26 to approve the subdivision plan because the plan conflicted with applicable zoning regulations. Accordingly, the CT Page 4822 planning board did not act in an arbitrary manner in denying the plaintiff's application.
The Stamford subdivision regulations provided the planning board with authority to disapprove the plaintiff's application because of outstanding zoning violations. Section 3.4 of the Stamford subdivision regulations provides in relevant part: "Applications for subdivision shall be referred to . . . departments and agencies as may be deemed appropriate." (Plaintiff's exhibit 4). Consequently, the Stamford subdivision regulations provided for the referral of the plaintiff's application to the zoning enforcement officer. (ROR, Exh. 7).[4] Moreover, as previously stated, the planning board lacked the authority pursuant to General Statutes § 8-26 to approve the application because the subject property has outstanding zoning violations. Accordingly, both the General Statutes § 8-26 and § 3.4 of the Stamford subdivision regulations provided sufficient authority for the planning board to deny the plaintiff's application because of outstanding zoning violations.
The court will not address the plaintiff's claim that Stamford's regulations are unconstitutional because the plaintiff may not challenge the constitutionality of the Stamford subdivision regulations in this proceeding. "[A] plaintiff who has applied to an administrative agency for a permit, variance, subdivision or similar relief, cannot attack the constitutionality of the provision governing the issuance of that relief when appealing from that agency's decision. . . . A plaintiff may, however, attack the constitutionality of the regulations in an independent proceeding." (Citations omitted.) Bombero v. Planning Zoning Commission,40 Conn. App. 75, 81, 669 A.2d 598 (1996). Here, the plaintiff challenges the constitutionality of the subdivision regulations while appealing the planning board's decision. Accordingly, the plaintiff may not challenge the constitutionality of the Stamford subdivision regulations in this proceeding.
Based on the foregoing, the court dismisses the plaintiff's appeal.
KARAZIN, J.